■ In the Matter of the Estate of HENRY PAUL, Deceased. SARAH F. PAUL, Appellant; HENRY PAUL, JR., as Executor of HENRY PAUL, Deceased, Respondent. — Appeals (1) from an order of the Surrogate's Court of Ulster County (Traficanti, Jr., S.), entered June 13, 1983, which denied petitioner's motion to vacate a previous decree by said court settling the estate of Henry Paul, and (2) from an order by said court, entered August 30, 1983, which denied petitioner's motion for renewal and reargument.

The issue in this case is whether the Surrogate properly denied, without a hearing, petitioner's application to vacate the decree settling the estate of Henry Paul, with respect to the question of whether petitioner's release waiving citation and consenting to the decree was obtained through fraud, misrepresentation or other misconduct of respondent. We conclude that the Surrogate erred in denying the application to vacate the

prior decree without a hearing on this question. The order of Surrogate's Court entered June 13, 1983 should therefore be reversed and the matter remitted to said court for further proceedings. The appeal from the order entered August 30, 1983 should be dismissed as academic.

Decedent, Henry Paul, was a resident of Ulster County who died on October 9, 1979 survived by petitioner, his widow, and respondent, his son by a prior marriage. Decedent's will left petitioner personal property, the marital residence, $10,000 and a life interest in a testamentary trust. He devised other real property to respondent, who was designated residuary legatee and remainderman under the testamentary trust. Respondent was also nominated coexecutor and cotrustee. The other nominee for cotrustee and coexecutor, Herbert S. Goodman, renounced this nomination and the appropriate letters were issued to respondent as sole executor and testamentary trustee. Petitioner thereafter executed a renunciation with respect to 25% of the trust income. Respondent subsequently filed his account for judicial settlement and, after examining the account, petitioner filed a release dated January 19, 1982, consented to judicial settlement of the account and waived citation. The account was judicially settled by decree entered January 19, 1982.

Moving by order to show cause in January, 1983, petitioner sought to vacate the decree on the ground of "fraud, misrepresentation, collusion and/or mistake" on the part of respondent and Alvin E. Moscowitz, Esq., attorney for the estate. Answering papers were served and issue was joined. By decision dated May 3, 1983, the Surrogate directed a hearing on the issue of whether an attorney-client or other confidential relationship existed between Moscowitz and petitioner. Following the hearing, the Surrogate concluded that an attorney-client relationship had not arisen and found no fraud, overreaching, misrepresentation or misconduct in the procuring of the release executed by petitioner which would warrant vacatur of the prior decree. Petitioner appeals from the order entered June 13, 1983, as well as the subsequent order entered August 30, 1983 denying her motion to reargue and renew.

Ordinarily, fraud must be proved by the party alleging it (see 24 NY Jur, Fraud and Deceit, § 274, pp 355-356). Where, however, fraud is alleged in the context of a fiduciary or other confidential relationship where one party possesses superior knowledge, fraud is presumed and the burden is upon the benefited party to demonstrate the absence thereof (24 NY Jur, Fraud and Deceit, § 278, p 360; see *Cowee v Cornell*, 75 NY 91, 99-100; *Matter of Levy*, 19 AD2d 413).

Petitioner claims that she was party to two separate fiduciary relationships demanding application of this rule. The first was that of attorney-client between herself and attorney Moscowitz. Although the record supports the Surrogate's finding, reached after a limited hearing, that the proof did not establish the attorney-client relationship, this determination is not dispositive since the issue still remains as to whether fraud was practiced by respondent requiring vacatur of the decree (see CPLR 5015, subd [a], par 3; 29 Carmody-Wait 2d, NY Prac, § 166:214, p 453). Representations made by Moscowitz in his capacity as agent for respondent (see 6 NY Jur 2d, Attorneys at Law, § 82, pp 563-565) are relevant on the question. The second relationship claimed is that between respondent, as executor of the estate and trustee of the testamentary trust, and petitioner, as a beneficiary of the estate and the trust, thereby creating fiduciary relationships where "there has been a confidence reposed which invests the person trusted with an advantage in treating with the person so confiding" (*Fisher v Bishop*, 108 NY 25, 28; see *Cowee v Cornell, supra*, pp 99-100). Thus, under these circumstances, a hearing is required to determine the issue of whether the decree was procured through fraud, misrepresentation or other misconduct (*Matter of Levy, supra*; see 29 Carmody-Wait 2d, NY Prac, § 166:214, p 454).

Order entered June 13, 1983 reversed, on the law, with costs to abide the event, and matter remitted to the Surrogate's Court of Ulster County for further proceedings not inconsistent herewith.

Appeal from order entered August 30, 1983 dismissed, as academic, without costs. Main, Mikoll and Levine, JJ., concur.

Mahoney, P. J., and Kane, J., dissent and vote to affirm in the following memorandum by Kane, J. Kane, J. (dissenting). The orders appealed from should be affirmed. The Surrogate recognized the seriousness of the charges made by petitioner and granted a hearing where she testified, at length, detailing all personal transactions related to the administration of the estate of her late husband. The Surrogate's findings, in our view, are supported by the record and we fail to perceive what further proceedings would accomplish other than to prolong this unfortunate litigation. We would, therefore, adopt the findings of fact and conclusions of law set forth in the decision of the Surrogate.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN CLARK PAGE, Appellant. — Appeal from a judgment of the County Court of Albany County (Harris, J.), rendered January 7, 1983, upon a verdict convicting defendant of the crime of criminal possession of stolen property in the first degree.