■ In the Matter of the Conservatorship of RICHARD A. NICOLL, Respondent. IRVING LEVINE et al., Appellants; ALLEN J. KIRSCHNER, Respondent. [594 NYS2d 296] —In proceedings pursuant to Mental Hygiene Law article 77 for the appointment of a conservator and for the nullification of a trust agreement executed by the proposed conservatee, (1) Irving Levine appeals, on behalf of himself and purportedly on behalf of the conservatee, from a judgment of the Supreme Court, Queens County (Kassoff, J.), entered April 29, 1991, which imposed sanctions against him in the amount of $1,500, (2) Betty Allen and Irving Levine, on behalf of himself and purportedly on behalf of the conservatee, appeal from an order and judgment (one paper) of the same court (Nahman, J.), dated June 18, 1991, which after a nonjury trial, invalidated a trust agreement executed by the conservatee, (3) Irving Levine appeals, on behalf of himself and purportedly on behalf of the conservatee, from an order of the same court (Kassoff, J.), dated November 4, 1991, which denied his application for reimbursement of expenditures made on behalf of the conservatee and for fees for acting as the conservatee's attorney, and (4) Irving Levine appeals, on behalf of himself and the conservatee, pursuant to 22 NYCRR 670.15, from an order and judgment (one paper) of the same court (Kassoff, J.), dated June 24, 1992, which, after a hearing, awarded fees and commissions to the guardian ad litem Allen J. Kirschner and awarded attorneys' fees to the conservator's attorneys.

Ordered that the judgment entered April 29, 1991, the order and judgment dated June 18, 1991, and the order dated November 4, 1991, are affirmed; and it is further,

Ordered that the appeal from the order and judgment (one paper) dated June 24, 1992, is dismissed; and it is further,

Ordered that the petitioner is awarded one bill of costs payable by Irving Levine and Betty Allen; and it is further,

Ordered that the respondent Allen J. Kirschner is awarded one separate bill of costs payable by Irving Levine.

The various orders and judgments presented for our review on these appeals were all made during the course of a conservatorship proceeding and the subsequent proceeding brought by the conservator to invalidate a trust agreement entered into by the conservatee, after the commencement of the conservatorship proceeding but prior to the judgment appointing a conservator.

The question of the propriety of the appointment of a conservator is not before us since this Court has previously dismissed the appeal from the judgment dated December 18, 1990, appointing a conservator, for failure to timely prosecute the appeal. Furthermore, any other issue which could have been raised on that appeal is *not* properly before this Court on these appeals *(see, Bray v Cox,* 38 NY2d 350, 353, 354; *Matter of Smith v McManus & Sons,* 101 AD2d 890; *see also, Montalvo v Nel Taxi Corp.,* 114 AD2d 494).

The instant appeals center upon the determination of the trial court (Nahman, J.), to invalidate the trust instrument executed by the conservatee and making her sister, Betty Allen, trustee and their attorney-brother "consultant", on the ground of, *inter alia,* undue influence.

The primary contentions of the appellants are that the court applied the wrong burden of proof at the trial of the conservator's claims against them. We hold that this was not the case. On the contrary, the court correctly held that, given the special relationship between the appellants and the conservatee, who is the appellants' sister, the nature of the transaction, and the positions occupied by the appellants vis-à-vis the trust instrument, by operation of law the burden shifted to the appellants to establish that they had not exerted undue influence upon the conservatee in order to obtain her execution of the trust agreement, namely, that "no deception was practiced, no undue influence was used, and that all was fair, open, voluntary and well understood" *(Matter of Gordon v Bialystoker Ctr. & Bikur Cholim,* 45 NY2d 692, 699; *Cowee v Cornell,* 75 NY 91, 99-101; *see also, Matter of Paul,* 105 AD2d 928, 929-930). Insufficient evidence was adduced by the appellants at the nonjury trial to rebut this presumption. There-

fore, the trial court properly voided the trust by virtue of the constructive fraud of the appellants.

The appellants also seek review in this Court, pursuant to 22 NYCRR 670.15, of an order and judgment awarding, after a hearing, fees and commissions to the former guardian ad litem and attorneys' fees to the conservator's attorneys, payable from the estate of the conservatee. However, none of the parties ever ordered that the minutes of that hearing be transcribed. Accordingly, this order and judgment cannot be reviewed, since the record is insufficient, and the appeal is dismissed for failure to comply with CPLR 5525 (a) *(see, Fidelity Bond & Mtge. Co. v Taylor,* 129 AD2d 765; *see also, Matter of Baiko v Baiko,* 141 AD2d 635).

We have examined the parties' remaining contentions and find that none require a contrary result. Mangano, P. J., Sullivan, Balletta and O'Brien, JJ., concur.