■ JENNIFER CANGRO, Appellant, v FRANK F. CANGRO, Respondent. ROBERTA D. ASHER, Nonparty Respondent. [665 NYS2d 320] —In an action for a divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Marrero, J.), entered January 17, 1996, as denied those branches of her motion which were to vacate and set aside a judgment against the defendant husband in favor of his former attorney, Roberta D. Asher, and for leave to withdraw $9,000 from escrow funds for the repayment of loans incurred by her in order to pay her own counsel fees.

Ordered that the order is affirmed insofar as appealed from, without costs to the nonparty respondent.

Under the circumstances of this case, the trial court's refusal to allow the withdrawal of $9,000 from escrow funds belonging to both parties to repay loans that the wife incurred to pay counsel fees was not an improvident exercise of its discretion.

The wife's remaining contentions, raised for the first time on appeal, are not properly before this Court. O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.

■ JENNIFER CANGRO, Appellant, v FRANK F. CANGRO, Defendant. BARBARA B. SOBAL, Nonparty Respondent. [665 NYS2d 321] —In an action for divorce and ancillary relief, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Richmond County (Marrero, J.), dated May 24, 1996, as granted the application of her former counsel, Barbara Bevando Sobal, to hold her in contempt and awarded costs against her in the amount of $1,500.

Ordered that the appeal is dismissed, without costs or disbursements.

The Supreme Court held the plaintiff in contempt for her failure to comply with various orders issued in connection with a fee dispute between her and her former counsel in the matrimonial action, Barbara Bevando Sobal. The order was issued following a hearing held on May 20 and May 21, 1996. Since the plaintiff has failed to order and settle a transcript of the hearing, her appeal must be dismissed (see, CPLR 5525 [a]; Matter of Nicoll, 191 AD2d 444; Matter of Baiko v Baiko, 141 AD2d 635). O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.