■ In the Matter of the Estate of BLANCHE D. HUNTER, Deceased. CHASE MANHATTAN BANK, Respondent; PAMELA T. CREIGHTON, Appellant. [736 NYS2d 622] —In a proceeding to settle the first intermediate account of the petitioner as cotrustee of a testamentary trust, the appellant appeals, as limited by her brief, from so much of an order of the Surrogate's Court, Westchester County (Emanuelli, S.), dated July 19, 2000, as, upon granting her motion, in effect, for leave to reargue a prior motion, denied her motion to withdraw a "waiver of citation and consent in accounting" to vacate a decree of the same court dated February 23, 1998, judicially settling the account, and to file objections to the account based on the alleged mismanagement of the assets of the trust.

Ordered that the order is affirmed insofar as appealed from, with costs.

This appeal arises from the execution of a waiver of citation and consent in accounting (hereinafter the waiver), by the appellant, a beneficiary of a trust created under the will of her deceased grandmother, in connection with the intermediate accounting of the petitioner trustee.

The appellant claims, inter alia, that the Surrogate's Court erred in denying her motion to withdraw the waiver on the grounds of fraud and breach of fiduciary duty. Contrary to the appellant's contention, upon, in effect, granting reargument,

the Surrogate's Court properly denied the motion, and directed that a fact-finding hearing be held to determine whether the events surrounding the appellant's review and signing of the waiver were fair, open, and free of any misrepresentation or other misconduct (*see, Matter of Paul,* 105 AD2d 928, 930). Santucci, J.P., Goldstein, McGinity and Crane, JJ., concur.