Keating, J.
This case reaches us in an unusual posture.
The respondent has recovered a judgment for damages arising out of false representations which induced it into a construction contract with appellant. The appellant’s counterclaim for completion cost of the construction in excess of the contract price and the third-party claim against the surety on respondent’s performance bond have been disallowed, and the Appellate Division has unanimously affirmed.
Affirmance, however, rests solely upon the ground that the appendix submitted to the Appellate Division by the appellant was insufficient to permit determination of the questions sought to be raised. Legal and factual issues were not considered.
We agree with the Appellate Division that it is not required to determine an appeal with the aid of an appendix which it considers inadequate.
On the present appeal, appellant submitted a 13-page appendix extracted from a trial transcript of over 950 pages, and sought to contend that (1) the evidence did not sustain a finding of *55 fraudulent representations, (2) the respondent was barred from claiming misrepresentations as a matter of law, and (3) dismissal of appellant’s third-party claim against the surety was improper. It may well be, of course, that the raising of such contentions requires the use of an extensive appendix but, in any event, merely to state the points raised makes the inadequacy of the appendix and the difficulty of full review thereon apparent.
We think, however, that neither CPLR 5528 nor the necessary implementation of its purpose warrants affirmance of this appeal on the ground stated by the Appellate Division. To hold otherwise would inevitably decrease the value to be derived from an appendix by encouraging the inclusion of material unnecessary to the questions sought to be reviewed. In the final analysis, an unnecessarily extended appendix proves as burdensome as one which is too short.
We note that the appendix system was adopted in New York after extended study indicated the need to reduce the cost of printing records on appeal. (Second Preliminary Report of Advisory Comm, on Practice and Procedure [N. Y. Legis. Doc., 1958, No. 13], pp. 344-347; Eleventh Annual Report of N. Y. Judicial Council, 1945, pp. 414-416.)
In accordance with this policy, paragraph 5 of subdivision (a) of CPLR 5528 provides that an appellant’s appendix shall contain “ only such parts of the record on appeal as are necessary to consider the questions involved, including those parts the appellant reasonably assumes will be relied upon by the respondent ”.
Subdivision (b) provides that respondent’s appendix “ shall contain only such additional parts of the record as are necessary to consider the questions involved.”
The draftsmen assumed that the main practice problem would be the printing of appendices that were too extensive rather than too attenuated. Thus, while the provision for sanctions in subdivision (e) of CPLR 5528 allows the court to “ withhold or impose costs ” for “ any failure to comply with subdivision (a), (b) or (c) ” (see 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 5528.03, p. 55-208 [1965]), the draftsmen *56 assumed that the power would be exercised " if unnecessary parts of the record are printed; ” (Second Preliminary Report of Advisory Comm, on Practice and Procedure [N. Y. Legis. Doc., 1958, No. 13], p. 354; italics supplied). This, of course, is the situation in which sanctions are most useful.
The most effective guarantee against an inadequate appendix, of course, is an attorney’s' desire to supply the court with all material necessary to convince it to .adopt his client’s position. And with the tactical and practical risk of omission so great, the main danger to be guarded against, in the view of the draftsmen, is the too verbose rather than the too cryptic appendix.
Should the natural caution of the advocate and the threat of cost sanctions fail to provide an adequate appendix, the court may direct the appellant to submit a further appendix or it may dismiss the appeal unless appellant files a further appendix within a specified period of time.
Whichever course is chosen, the court’s control over the adequacy of the appendix is effectively maintained while, at the same time, appellant avoids, at least initially, the serious sanction of an affirmance without consideration of the merits. Harsher penalties might defeat the purpose of CPLR 5528 by encouraging the careful advocate to submit an unreasonably lengthy appendix in order to avoid the extreme consequence of a mistaken belief that only a lesser portion of the record needed to be printed. .Should such sanctions, short of an automatic 1‘ affirmance, ’ ’ prove inadequate, a revision of the CPLR in this regard can be considered by the Judicial Conference and the Legislature.
The order appealed from should be reversed and the case remitted to the Appellate Division for further proceedings not inconsistent with this opinion, without costs.
Chief Judge Desmond and Judges Fuld, Van Voorhis, Burke, Scileppi and Bergan concur.
Order reversed, etc.