■ CROSS WESTCHESTER DEVELOPMENT CORP., Respondent, v SLEEPY HOLLOW MOTOR COURT, INC., et al., Appellants. (Action No. 1.) MARIO CHIULLI et al., Appellants, v CROSS WESTCHESTER DEVELOPMENT CORP. et al., Respondents. (Action No. 4.) MARIO CHIULLI et al., Appellants, v FINK, WEINBERGER, FREDMAN, BERMAN, LOWELL & FENSTERHEIM, P. C., et al., Respondents. (Action No. 5.) [636 NYS2d 372] —Motions by the respondents to dismiss three appeals from a judgment of the Supreme Court, Westchester County (DiNoto, J.), dated June 19, 1991, on the ground that the appellants' appendix and brief do not comply with the rules of this Court. By a decision and order on motion of this Court dated July 26, 1993, the motions were held in abeyance and referred to the Justices hearing the appeals for determination upon the argument or submission of the appeals.

Upon the papers filed in support of the motions, upon the papers filed in opposition thereto, and upon the argument of the appeals, it is,

Ordered that the motions are granted, and the appeals are dismissed, with prejudice, on the ground that the appellants have failed to perfect them in accordance with the CPLR and the rules of this Court (*see,* CPLR 5528 [a]; 5529 [b], [c]; 22 NYCRR 670.10 [c]).

It is the responsibility of the appellants to file an appendix that contains all relevant portions of the record in order to enable the court to render an informed determination of the merits of the appeal and to present the issues on appeal in a concise and clear manner (*see,* CPLR 5528 [a]; 5529 [b], [c]; 22 NYCRR 670.10 [c]; *Lo Gerfo v Lo Gerfo*, 30 AD2d 156).

This Court has already stricken two briefs and appendices previously filed by the appellants due to their failure to comply with the CPLR and this Court's rules. Also, this Court directed the appellants to file a proper brief and appendix. They have again failed to do so. The latest appendix filed by the appellant is composed of 17 volumes, omits critical exhibits, includes only portions of others, fails to identify documents, has no functional table of contents, and is not arranged in any logical or comprehensible manner. "An appellate court should not be subjected to the task of untangling and mastering the facts from an inadequate and incoherent appendix" (*Lo Gerfo v Lo Gerfo, supra,* at 157; *see also, E. P. Reynolds, Inc. v Nager Elec. Co.,* 17 NY2d 51). Miller, J. P., Pizzuto, Joy and Goldstein, JJ., concur.