■ PANKAJ PATEL et al., Plaintiff, and MANOJ K. PATEL, Appellant, v ANJNA K. PATEL, Respondent. [704 NYS2d 606] —In consolidated actions for a divorce and ancillary relief and to recover attorney's fees, the plaintiff Manoj Kumar Patel appeals from (1) an order of the Supreme Court, Richmond County (Ponterio, J.), dated April 16, 1998, which, *inter alia*, denied his motions, among other things, to set aside the report of a Judicial Hearing Officer (Sacks, J.H.O.), dated December 17, 1996, which, after a hearing, recommended dismissing the action to recover attorney's fees, and (2) an order of the same court, dated June 1, 1998, which denied his renewed motion to set aside the Judicial Hearing Officer's report, *sua sponte* confirmed the report, and dismissed the action.

Ordered that the appeal from so much of the order dated April 16, 1998, as denied the appellant's motion to set aside the Judicial Hearing Officer's report is dismissed, as that portion of the order was superseded by the order dated June 1, 1998; and it is further,

Ordered that the appeal from the remainder of the order dated April 16, 1998, and the appeal from the order dated June 1, 1998, are dismissed for failure to perfect the same in accordance with the CPLR and the rules of this Court (*see,* CPLR 5525, 5528 [a]; 5529 [b], [c]; 22 NYCRR 670.10 [c]); and it is further,

Ordered that the respondent is awarded one bill of costs.

An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal (*see,* CPLR 5528 [a]; 5529 [b], [c]; 22 NYCRR 670.10 [c]; *Cross Westchester Dev. Corp. v Sleepy Hollow Motor Ct.,* 222 AD2d 644). The appellant, a disbarred attorney, previously submitted an appendix that was deficient in several respects and was stricken by this Court. His latest submission, which consists of two separate appendices, does not contain any part of the transcript of the hearing on the issue of an attorney's fee. There is a transcript in the original papers on file in this Court, but that transcript was never settled in accordance with the procedure set forth in

CPLR 5525. Thus, even if the appellant had included all or portions of the transcript in his appendix, the failure to properly settle it would have precluded its consideration on the merits of the appeal (*see, Cangro v Cangro,* 244 AD2d 310; *Matter of Schmitt v Berwitz,* 230 AD2d 746; *Matter of Meier v Meier,* 204 AD2d 328; *Matter of Baiko v Baiko,* 141 AD2d 635).

In addition, critical exhibits are missing from the appellant's appendices, and those documents that are included are neither properly identified nor arranged in any logical or comprehensible manner. It is well settled that "[a]n appellate court should not be subjected to the task of untangling and mastering the facts from an inadequate and incoherent appendix" (*Lo Gerfo v Lo Gerfo,* 30 AD2d 156, 157; *see also, E.P. Reynolds, Inc. v Nager Elec. Co.,* 17 NY2d 51, 54). Ritter, J. P., Santucci, Thompson and McGinity, JJ., concur.