■ LAWRENCE I. CHUMSKY, Appellant, v PATRICIA CHUMSKY, Respondent. [881 NYS2d 774]—

Appeal from an order of the Supreme Court, Erie County (John F. O'Donnell, J.), entered March 5, 2008 in a divorce action. The order granted defendant's motion seeking, inter alia, to enforce part of a postjudgment order.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Plaintiff appeals from an order granting defendant's motion seeking, inter alia, to enforce that part of a postjudgment order in this divorce action requiring plaintiff to pay defendant a distributive award in monthly installments pursuant to the terms of the parties' stipulation that was incorporated but not merged in the postjudgment order. The stipulation further provided that, in the event that any installment payment was more than 15 days overdue, plaintiff was obligated to pay 9% interest on the balance due at the time of the late payment, calculated from the initial payment due date. In addition, the stipulation provided that, if any payment was more than 30 days late, the entire unpaid balance was immediately due and payable. It is undisputed that plaintiff's installment payments exceeded the 15-day grace period on several occasions, over a 16-month period.

We reject plaintiff's contention that defendant waived her right to interest by repeatedly accepting late payments, but we agree with plaintiff that the provision of the postjudgment order imposing interest as a consequence of a payment less than 30 days late constitutes an unenforceable penalty. We therefore reverse the order and deny the motion. "Whether a contractual provision 'represents an enforceable liquidation of damages or an unenforceable penalty is a question of law, giving due consideration to the nature of the contract and the circumstances' " (*Bates Adv. USA, Inc. v 498 Seventh, LLC*, 7 NY3d 115, 120 [2006], *rearg denied* 7 NY3d 784 [2006], quoting *JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 379 [2005]). Where, as here, a stipulation provides for an amount to be paid as a consequence of a breach that is " 'plainly or grossly disproportionate to the probable loss, the provision calls for a penalty and will not be enforced' " (*JMD Holding Corp.*, 4 NY3d at 380, quoting *Truck Rent-A-Ctr. v Puritan Farms 2nd*, 41 NY2d 420, 425 [1977]). Here, the imposition of interest on the unpaid balance of the distributive awards pursuant to the postjudgment order would nearly double the original amount agreed

upon. Given that disproportionate consequence, we conclude that enforcement of that part of the postjudgment order providing for the imposition of interest as a result of payments overdue by more than 15 days but less than 30 days constitutes an unenforceable penalty (*see Weiss v Weiss*, 206 AD2d 741, 742-743 [1994]; *Willner v Willner*, 145 AD2d 236, 241 [1989]). Present—Hurlbutt, J.P., Smith, Centra, Pine and Gorski, JJ.