■ DANIEL SILBER, Appellant, v EDA SILBER, Respondent. [923 NYS2d 131]—

In an action for a divorce and ancillary relief, the husband appeals from an order of the Supreme Court, Nassau County (Gartenstein, J.H.O.), dated July 21, 2010, which granted the wife's motion to recuse Judicial Hearing Officer Stanley Gartenstein from the trial of the action.

Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, the wife's motion to recuse Judicial Hearing Officer Stanley Gartenstein from the trial of the action is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the complaint.

After 16 days of testimony in this contentious divorce action before a judicial hearing officer (hereinafter the JHO), the JHO learned from a member of his family that the family member had just been hired by the husband's father to babysit for the husband's children for four days. The husband's father was un-

aware that the babysitter and the JHO were members of the same family. Upon learning of the hiring, the JHO immediately convened the attorneys and disclosed the situation. Eventually, upon the wife's motion, the JHO recused himself. The husband appeals.

Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of the need for recusal, and this "discretionary decision is within the personal conscience of the court when the alleged appearance of impropriety arises from inappropriate awareness of 'nonjudicial data' " (*People v Moreno*, 70 NY2d 403, 405-406 [1987], quoting *People v Horton*, 18 NY2d 355, 362 [1966], *cert denied* 387 US 934 [1967]; *see Matter of Alyssa A. [Michelle N.—Sandra N.]*, 79 AD3d 740, 742 [2010], *lv denied* 16 NY3d 704 [2011]; *Irizarry v State of New York*, 56 AD3d 613, 614 [2008]; *Matter of Imre v Johnson*, 54 AD3d 427, 427-428 [2008]; *EECP Ctrs. of Am. v Vasomedical, Inc.*, 277 AD2d 349, 350 [2000]; *People v Fischer*, 143 AD2d 1036 [1988]). Additionally, the Court of Appeals has noted that while "it may be the better practice in some situations for a court to disqualify itself in a special effort to maintain the appearance of impartiality . . . [e]ven then, however, when recusal is sought based upon 'impropriety as distinguished from legal disqualification, the judge . . . is the sole arbiter' " (*People v Moreno*, 70 NY2d at 406, quoting *People v Patrick*, 183 NY 52, 54 [1905]). Nevertheless, when there is no ground for recusal, recusal should not be ordered, especially when prejudice will result. Indeed, " '[a] judge has an obligation not to recuse himself or herself, even if sued in connection with his or her duties, unless he or she is satisfied that he or she is unable to serve with complete impartiality, in fact or appearance' " (*Robert Marini Bldr. v Rao*, 263 AD2d 846, 848 [1999], quoting *Spremo v Babchik*, 155 Misc 2d 796, 799 [1992], *mod on other grounds* 216 AD2d 382 [1995], *cert denied* 516 US 1161 [1996]).

Under the unique circumstances of this case, recusal was not warranted. Although we understand the distress that the JHO felt upon having a family member implicated in the case, he, himself, stated emphatically, several times, that he could be fair. Moreover, his prompt action when he learned of the situation concerning his family member would firmly convince any fair-minded observer that there was no reasonable ground for questioning his fairness and impartiality. Finally, the JHO's family member was in no position to offer any testimony in the case, much less material testimony (*see* 22 NYCRR 100.3 [E]). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.