URI TORNHEIM, Appellant, v BLUE & WHITE FOOD PRODUCTS CORP., Respondent. [931 NYS2d 340]—

The plaintiff proposed to the owners of the defendant, Blue & White Food Products Corp. (hereinafter Blue & White), which manufactures and sells various food products, that they begin to manufacture and sell a new food product. In connection with that proposal, the plaintiff and Zohar Norman, Blue & White's president, executed a memorandum of understanding, which was written in Hebrew. The memorandum, as translated, stated that the plaintiff would be hired as a salaried employee by the defendant, and would be given the "option" of becoming a 20% partner in the business after bringing his equipment to Blue & White and after working full-time for Blue & White for a period of six months. According to the plaintiff's interpretation of this provision, he was to automatically become a shareholder of 20% of Blue & White upon satisfaction of the two conditions. The plaintiff commenced this action, inter alia, for a judgment declaring that he is the beneficial owner of 20% of Blue & White's stock. After a nonjury trial, the Supreme Court dismissed the complaint.

Where a matter is tried without a jury, the authority of this Court on appeal "is as broad as that of the trial court . . . and . . . as to a bench trial [we] may render the judgment [we] find[ ] warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (*Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983] [internal citations and quotation marks omitted]). Where, as here, the findings of fact "rest in large measure on considerations relating to the credibility of witnesses" (*Anderson v Mastrangelo*, 18 AD3d 677 [2005]), deference is owed to the trial court's credibility determinations (*see Praimnath v Torres*, 59 AD3d 419, 419-420 [2009]), and we discern no reason to disturb those findings.

A translator called as a witness by Blue & White testified that the Hebrew word "haefsharut," which was used in the memorandum and translated as "option," meant "option" in the sense of "possibility" or "chance." The defendant offered into evidence a Hebrew-English dictionary corroborating that testimony. Thus, contrary to the plaintiff's allegations, under the circumstances, the Supreme Court properly determined that the memorandum was an unenforceable "agreement to agree" (*Joseph Martin, Jr., Delicatessen v Schumacher*, 52 NY2d 105, 109 [1981]). In any event, the evidence before the Supreme Court demonstrated that the plaintiff failed to fulfill the conditions precedent underlying the alleged option. The witnesses for the defendant testified that, with the exception of one machine,

the equipment the plaintiff brought to Blue & White was not functional, and that, during the six-month period that the plaintiff worked for Blue & White, he worked only two or three days per week, and left for long periods of time during the day.

The plaintiff's remaining contentions are without merit.

As this is, in part, a declaratory judgment action, the judgment appealed from should have included a provision declaring that the plaintiff is not the beneficial owner of 20% of the shares of the defendant (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Balkin, Leventhal and Hall, JJ., concur.