■ HARRIET BEIZER, Appellant, v KATHLEEN SWEDISH et al., Respondents, et al., Defendant. [4 NYS3d 58]—

In an action, inter alia, for an accounting, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Yablon, Ct. Atty. Ref.), dated March 20, 2012, which, upon an order of the same court dated February 10, 2012, after a nonjury trial, is in favor of the defendants Kathleen Swedish and Frederick Swedish and against her.

Ordered that the appeal is dismissed, without costs or disbursements.

"An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal" (*Gandolfi v Gandolfi*, 66 AD3d 834, 835 [2009] [internal quotation marks omitted]; *see NYCTL 1998-1 Trust v Shahipour*, 29 AD3d 965 [2006]; *Patel v Patel*, 270 AD2d 241 [2000]). "The appendix shall contain those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent" (Rules of App Div, 2d Dept [22 NYCRR] § 670.10.2 [c] [1]; *see* CPLR 5528 [a] [5]; *Deshuk-Flores v Flores*, 116 AD3d 996 [2014]), including "material excerpts from transcripts of testimony or from papers in connection with a motion" (Rules of App Div, 2d Dept [22 NYCRR] § 670.10.2 [c] [1] [v]), and critical exhibits (*see* Rules of App Div, 2d Dept [22 NYCRR] § 670.10.2 [c] [1] [vi]). Here, the plaintiff omitted from her appendix critical exhibits and material excerpts from transcripts of testimony. These omissions "inhibit the court's ability to render an informed decision on the merits of the appeal" (*Matter of Embro v Smith*, 59 AD3d 542, 542 [2009] [internal quotation marks omitted]; *see* Rules of App Div, 2d Dept [22 NYCRR] § 670.10.2 [c] [1]; CPLR 5528 [a] [5]; *Deshuk-Flores v Flores*, 116 AD3d at 996; *Gandolfi v*

*Gandolfi,* 66 AD3d at 835; *NYCTL 1998-1 Trust v Shahipour,* 29 AD3d at 965; *Patel v Patel,* 270 AD2d at 241). Accordingly, the appeal must be dismissed. Leventhal, J.P., Chambers, Hall and Duffy, JJ., concur.