■ CHARLES NEISS, Individually and as Executor of BENCION NEISS, Deceased, Appellant, v MOSES FRIED, Also Known as MIKE FRIED, et al., Respondents. [9 NYS3d 76]—

In an action, inter alia, for a judgment declaring the amount due under a judgment by confession, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Knipel, J.), dated August 2, 2013, which, after a nonjury trial, awarded him the sum of only $396,000.

Ordered that the judgment is affirmed, with costs.

In the 1980s and 1990s, the defendant Moses Fried (hereinafter the defendant) borrowed various sums of money from the plaintiff's decedent, which included mortgage loans on a property on Nostrand Avenue in Brooklyn totaling $1 million (hereinafter the Nostrand debt) that the defendant negotiated on behalf of himself and his business partners. In 1996, the defendant left that partnership and, in a written agreement with the decedent, the remaining partners accepted responsibility for the Nostrand debt. In 1997, at the decedent's request, the defendant signed a judgment by confession and affidavit in support stating that he owed the decedent $2,612,500 (hereinafter the confession debt). However, neither the judgment nor the supporting affidavit clearly stated the loans which made up that sum, and there were no terms of repayment specified.

In November 1998, the decedent died. The next month, the plaintiff, who was the decedent's son and had been appointed his executor, met with the defendant to discuss the sums the defendant owed to the decedent's estate. On the back of an envelope, they recorded an agreement that the defendant would pay the estate the sum of $1.8 million at a rate of $600,000 per year in 1999, 2000, and 2001, and that interest would accrue at 10% if the defendant did not pay $1.2 million by 2000. This note was signed by the defendant but not the plaintiff. The defendant believed that the sum of $1.8 million represented the confession debt, minus the $1 million Nostrand debt, plus interest.

The defendant did not make the payments on the schedule contemplated but, in 2000 and 2001, he made payments totaling $1.4 million, which the plaintiff accepted. Thereafter, the defendant claimed that, because of payments he had made in 1998 prior to the decedent's death, he owed only $150,000. Because the plaintiff disagreed, the defendant offered to "split the difference" by paying the $150,000 plus half of the disputed $250,000, and tendered $275,000. The plaintiff refused to accept this payment. The plaintiff further took the position that the Nostrand debt, which both parties agreed had been paid, was not included in the confession debt and that, accordingly, the defendant owed the estate $1.4 million, not $400,000. The plaintiff commenced this action seeking, inter alia, a judgment declaring the amount due under the confession debt. Thereafter, the defendant conceded that he owed the decedent's estate $400,000 and, in February 2013, paid the plaintiff that sum. After a nonjury trial, the Supreme Court concluded that the Nostrand debt was included in the confession debt and that,

accordingly, the defendant owed the plaintiff only 11 years of interest on $400,000, or $396,000. The plaintiff appeals, contending that the court erred both in determining that the Nostrand debt was included in the confession judgment and in calculating the interest to which he was entitled.

" 'In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses' " (*Quadrozzi v Estate of Quadrozzi*, 99 AD3d 688, 691 [2012], quoting *BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.*, 89 AD3d 883, 884 [2011]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]; *ProHealth Care Assoc., LLP v Prince*, 101 AD3d 699, 700 [2012]; *Fernandez v Price*, 63 AD3d 672, 675 [2009]; *Flexible Bus. Sys., Inc. v Dag Media, Inc.*, 49 AD3d 808 [2008]). Similarly, where the court's findings of fact " 'rest in large measure on considerations relating to the credibility of witnesses,' deference is owed to the trial court's credibility determinations" (*Tornheim v Blue & White Food Prods. Corp.*, 88 AD3d 867, 868 [2011] [citation omitted], quoting *Anderson v Mastrangelo*, 18 AD3d 677, 677 [2005]).

Here, the evidence presented at trial supported the Supreme Court's conclusion that the Nostrand debt was included in the confession debt and that the satisfaction of the Nostrand debt therefore satisfied $1 million of the confession debt. Among other things, this interpretation explains why, in December 1998, the plaintiff would agree to accept $1.8 million in full satisfaction of the approximately $2.6 million confession debt. As the defendant testified, $1.8 million was, at that time, a reasonable estimate of the remaining principal plus the interest which would accrue over the payoff period. In addition, the evidence supported the conclusion that, because of their longstanding relationship and the defendant's role in negotiating the Nostrand loan on behalf of the partnership, both the decedent and the defendant would have regarded the Nostrand loan as remaining an obligation of the defendant, regardless of his legal duty after the dissolution of the partnership and, thus, would have included it in the confession. Since the evidence supported these conclusions, the court correctly concluded that the payment of the final $400,000 satisfied the principal of the confession debt.

The Supreme Court's conclusion that the plaintiff was owed only $396,000 in interest on the confession debt (representing

11 years of interest on $400,000 at 9%) also was supported by the record. The credible evidence established that, in December 1998, the parties agreed to a payoff of $1.8 million, including interest, if the payments were made as contemplated. Although the parties agree that the defendant did not pay $1.2 million by 2000, they also agree that he made payments totaling $1.4 million by 2001. Further, the evidence shows that the plaintiff accepted this without demur and without attributing any portion of the payment to interest. Accordingly, the evidence supported the court's conclusion that, by accepting those payments, the plaintiff waived his right to begin charging interest at the end of 2000 (*see Hannigan v Hannigan*, 104 AD3d 732, 734-735 [2013]; *Schapfel v Taylor*, 65 AD3d 620 [2009]; *DiIorio v Gibson & Cushman of N.Y.*, 167 AD2d 267, 268 [1990]; *but see Chumsky v Chumsky*, 64 AD3d 1156, 1157 [2009]). Rivera, J.P., Austin, Sgroi and Barros, JJ., concur.