■ LEILANI ZUTRAU, Individually and on Behalf of ICE SYSTEMS, INC., Appellant, v ICE SYSTEMS, INC., et al., Respondents. [10 NYS3d 539]—

In an action, inter alia, to recover damages for employment discrimination on the basis of disability in violation of Executive Law § 296 and violation of Labor Law § 215, the plaintiff appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Emerson, J.), entered July 19, 2012, as granted that branch of the defendants' motion which was to strike the plaintiff's demand for a jury trial, (2) from a decision of the same court dated March 20, 2013, made after a nonjury trial, and (3), as limited by her brief, from so much of a judgment of the same court dated April 29, 2013, as, upon the decision, is in favor of the defendants and against her, in effect, dismissing the second and third causes of action and is in favor of her and against the defendants on the fourth cause of action in the principal sum of only $60,307.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from so much of the judgment as is in favor of the defendants and against the plaintiff, in effect, dismissing the second cause of action is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

" 'An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal' " (*Grossman v Composto-Longhi*, 96 AD3d 1000, 1001 [2012], quoting *Gandolfi v Gandolfi*, 66 AD3d 834, 835 [2009]). "The appendix shall contain those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent" (22 NYCRR 670.10.2 [c] [1]; *see* CPLR 5528 [a] [5]). Here, the plaintiff omitted material excerpts from the transcripts of trial testimony and critical exhibits she relies on in seeking review of the dismissal of her disability discrimination cause of action. These omissions inhibit this Court's ability to render an informed decision on the merits of the appeal (*see Reale v Reale*, 104 AD3d 747, 747-748 [2013]; *Mure v Mure*, 92 AD3d 653, 653 [2012]; *Matter of Embro v Smith*, 59 AD3d 542, 542 [2009]). Accordingly, the appeal from so much of the judgment as is in favor of the defendants and against the plaintiff, in effect, dismissing the second cause of action must be dismissed.

" '[T]he deliberate joinder of claims for legal and equitable relief arising out of the same transaction amounts to a waiver of the right to demand a jury trial' " (*Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 481, 482 [2009], quoting *Hebranko v Bioline Labs.*, 149 AD2d 567, 567-568 [1989]; *see* CPLR 4102 [c]). Here, the Supreme Court properly determined that the plaintiff waived her right to a jury trial by joining legal and equitable causes of action arising from the same transaction and seeking both legal and equi-

table relief (*see Lief v Hill*, 100 AD3d 836 [2012]; *Ayromlooi v Staten Is. Univ. Hosp.*, 7 AD3d 475 [2004]). Accordingly, the court properly granted that branch of the defendants' motion which was to strike the plaintiff's demand for a trial by jury.

"In reviewing a determination made after a nonjury trial, the power of this Court is as broad as that of the trial court, and we may render a judgment we find warranted by the facts, bearing in mind that in a close case, the trial court had the advantage of seeing and hearing the witnesses" (*Hall v McDonald*, 115 AD3d 646, 647 [2014]; *see Northern Westchester Professional Park Assoc. v Town of Bedford*, 60 NY2d 492, 499 [1983]).

At the time of the plaintiff's termination from her employment in June 2007, Labor Law § 215 prohibited an employer from discharging or discriminating against an employee "because such employee has made a complaint to his [or her] employer . . . that the employer has violated any provision of this chapter" (Labor Law former § 215 [1] [a]). Thus, in support of her claim of retaliatory discharge under Labor Law § 215, the plaintiff was required to establish proof of an actual violation of a provision of the Labor Law; her reasonable and good faith belief that a violation occurred was insufficient (*cf.* Labor Law § 215 [1] [a], as amended by L 2010, ch 564, § 10; *Webb-Weber v Community Action for Human Servs., Inc.*, 23 NY3d 448, 452 [2014]; *Bordell v General Elec. Co.*, 88 NY2d 869, 871 [1996]). The Supreme Court's determination that the defendants did not violate a provision of the Labor Law as alleged by the plaintiff was warranted by the facts. Absent proof of an actual violation of a provision of the Labor Law, the plaintiff's third cause of action alleging retaliation pursuant to Labor Law § 215 was properly dismissed.

The plaintiff's remaining contentions are without merit. Rivera, J.P., Austin, Cohen and Duffy, JJ., concur.