◼ In the Matter of John L. Weslowski, Appellant, v Edwin J. Day, as County Executive, et al., Respondents. [24 NYS3d 921]—In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the Rockland County Records Access Appeals Officer dated November 16, 2010, the petitioner appeals, by permission, from an order of the Supreme Court, Rockland County (Kelly, J.), dated October 10, 2014, which, in effect, struck his demand for a jury trial.

Ordered that the order is affirmed, with costs.

As fully set forth in our decision in a previous appeal (*see Matter of Weslowski v Vanderhoef*, 98 AD3d 1123 [2012]), the determination which is the subject of this proceeding conditioned the disclosure of public records pursuant to the Freedom of Information Law (Public Officers Law § 84 *et seq.*) upon the petitioner's prepayment of certain estimated costs. In his petition pursuant to CPLR article 78 to review that determination, the petitioner seeks relief which includes a permanent injunc-

tion against the County of Rockland to prohibit it from imposing the estimated costs and to desist from engaging in practices designed to impair his access to the requested records.

Inasmuch as the petition sought equitable relief in the form of a permanent injunction, the petitioner was not entitled to a jury trial (see *Di Menna v Cooper & Evans Co.*, 220 NY 391, 396 [1917]; *Ayromlooi v Staten Is. Univ. Hosp.*, 7 AD3d 475, 475-476 [2004]; *Chim Chul Yi v Marcy Realty Co.*, 291 AD2d 368 [2002]; *City of New York v Philips*, 272 AD2d 568, 568-569 [2000]; *Bockino v Metropolitan Transp. Auth.*, 224 AD2d 471, 471-472 [1996]; *Hausner v Mendelow*, 198 AD2d 210, 210 [1993]; see also 8-4101 Weinstein-Korn-Miller, NY Civ Prac CPLR ¶ 4101.37). Accordingly, the Supreme Court properly, in effect, struck the petitioner's demand for a jury trial. Rivera, J.P., Sgroi, Miller and Hinds-Radix, JJ., concur.