██ Michael C. Trimarco, Appellant, v Data Treasury Corporation, Respondent. [46 NYS3d 134]—

In an action to recover damages for breach of contract and for a judgment declaring that a stock option grant is valid and enforceable, the plaintiff appeals (1), as limited by his brief, from so much of a judgment of the Supreme Court, Suffolk County (Pines, J.), dated December 10, 2013, as, upon an order of the same court (Jones, Jr., J.) dated March 30, 2011, granting the defendant's motion to strike his demand for a jury trial, upon an order of the same court (Pines, J.) dated August 1, 2012, granting the defendant's motion to preclude him from offering certain evidence on the issue of damages at trial, and upon a decision of the same court (Pines, J.) dated October 30, 2013, made after a nonjury trial, is in favor of the defendant and against him dismissing the complaint, and (2) from an order of the same court (Pines, J.) dated March 7, 2014, which denied his motion, inter alia, for recusal.

Ordered that the judgment is modified, on the law, by (1) deleting the provision thereof dismissing the cause of action which sought a declaration that the subject stock option grant is valid and enforceable, and (2) adding thereto a provision declaring that the stock option grant is invalid and unenforceable; as so modified, the judgment is affirmed insofar as appealed from; and it is further,

Ordered that the order dated March 7, 2014, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

In 2002, Keith DeLucia became the Chief Executive Officer of Data Treasury Corporation (hereinafter DTC), a company that was in the credit card processing industry. Because the company was struggling, DeLucia approached the plaintiff to act as a consultant and help revitalize DTC. In February or March 2002, the plaintiff accepted DeLucia's offer and entered into a consulting agreement that included a term entitling him to compensation in the form of a stock option allowing him to purchase 0.5% of DTC's outstanding stock. The agreement further provided that, after six months, the plaintiff had the option to convert his relationship with DTC to full-time employment. The agreement stated that, upon exercising that option, the plaintiff would be entitled to purchase an additional 5.5% of DTC's outstanding stock.

In November 2002, the plaintiff exercised his option to convert his relationship with DTC to full-time employment, and on December 31, 2002, in accordance with the consulting agreement, DTC issued to the plaintiff a stock option grant entitling him to purchase 1.5 million shares of DTC stock at a price of $0.80 per share. The stock option grant stated that it was valid for 10 years from the date of issue and that it was not contingent on the plaintiff's continued employment. However, in 2003, the plaintiff's relationship with DeLucia began to deteriorate, and in April 2003, the plaintiff's employment terminated. In September 2003, the plaintiff attempted to exercise a portion of his stock option via a letter to DTC stating his intention to purchase 100 shares and tendering payment. DTC did not honor his request.

After DTC failed to honor his attempt to exercise the stock option, the plaintiff commenced this action seeking damages for breach of contract and a judgment declaring that the stock option grant is valid and enforceable. Prior to trial, DTC moved to strike the plaintiff's demand for a jury trial on the ground that his declaratory judgment cause of action was equitable in nature. In an order dated March 30, 2011, the Supreme Court granted that motion. DTC also moved in limine to preclude the plaintiff from offering certain evidence on the issue of damages at trial. In an order dated August 1, 2012, the court granted that motion.

Following a nonjury trial, the Supreme Court found in favor of DTC on the plaintiff's complaint and entered a judgment, inter alia, dismissing the complaint. Thereafter, the plaintiff moved, inter alia, for recusal. In an order dated March 7, 2014, the court denied that motion.

The plaintiff appeals from the judgment and challenges the

orders dated March 30, 2011, and August 1, 2012, which are brought up for review on the appeal from the judgment (*see* CPLR 5501 [a] [1]). He also appeals from the order dated March 7, 2014.

Pursuant to CPLR 5528 (a) (5), an appellant who perfects an appeal using the appendix method must file an appendix that contains all the relevant portions of the record to enable the court to render an informed decision on the merits of the appeal (*see Zutrau v ICE Sys., Inc.*, 128 AD3d 1058, 1059 [2015]; *Beizer v Swedish*, 125 AD3d 703 [2015]; *Mure v Mure*, 92 AD3d 653 [2012]). "The appendix shall contain those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant" (22 NYCRR 670.10-b [c] [1]; *see* CPLR 5528 [a] [5]). This includes, among other things, "material excerpts . . . from papers in connection with a motion" (22 NYCRR 670.10-b [c] [1] [v]; *see Daniels v Donohue*, 137 AD3d 1072 [2016]; *Kenan v Levine & Blit, PLLC*, 136 AD3d 554, 555 [2016]; *Beizer v Swedish*, 125 AD3d at 703). This Court is not obligated to determine an issue where the appendix submitted to it is inadequate to permit review (*see E.P. Reynolds, Inc. v Nager Elec. Co.*, 17 NY2d 51, 54 [1966]).

Here, the plaintiff seeks review of the order dated August 1, 2012, granting DTC's motion to preclude him from offering certain evidence on the issue of damages at trial. However, he failed to include any of the motion papers in his appendix. Since this omission inhibits this Court's ability to render an informed decision on the merits of the motion, we decline to review it (*see Zutrau v ICE Sys., Inc.*, 128 AD3d at 1059).

Where a plaintiff joins an equitable claim for specific performance to a legal claim for damages, the plaintiff waives the right to a jury trial (*see Matter of Weslowski v Day*, 136 AD3d 931, 932 [2016]; *Ayromlooi v Staten Is. Univ. Hosp.*, 7 AD3d 475, 475-476 [2004]; *Chim Chul Yi v Marcy Realty Co.*, 291 AD2d 368 [2002]; *Gabbay v Ratchik*, 60 AD2d 593 [1977]). "[A] declaratory judgment action . . . can be legal or equitable in nature, and to determine whether a party is entitled to a jury trial, 'it is necessary to examine which of the traditional actions would most likely have been used to present the instant claim had the declaratory judgment action not been created' " (*State Farm Mut. Auto. Ins. Co. v Sparacio*, 25 AD3d 777, 778-779 [2006], quoting *Independent Church of Realization of Word of God v Board of Assessors of Nassau County*, 72 AD2d 554, 555 [1979]; *see Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.*, 59 AD3d 481, 482 [2009]).

Here, the Supreme Court correctly determined that the

plaintiff's declaratory judgment cause of action was in the nature of a prayer for specific performance, and in opposition to DTC's motion to strike his jury demand, the plaintiff admitted as much. Accordingly, the court correctly determined that the plaintiff had waived his right to a jury trial (*see Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.,* 59 AD3d at 482).

" 'In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses' " (*Quadrozzi v Estate of Quadrozzi,* 99 AD3d 688, 691 [2012], quoting *BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp.,* 89 AD3d 883, 884 [2011]; *see Northern Westchester Professional Park Assoc. v Town of Bedford,* 60 NY2d 492, 499 [1983]; *Neiss v Fried,* 127 AD3d 1044, 1046 [2015]). Where the court's findings of fact " 'rest in large measure on considerations relating to the credibility of witnesses,' deference is owed to the trial court's credibility determinations" (*Tornheim v Blue & White Food Prods. Corp.,* 88 AD3d 867, 868 [2011], quoting *Anderson v Mastrangelo,* 18 AD3d 677, 677 [2005]; *see Kamalian v Community OB/GYN Assoc., PLLC,* 132 AD3d 814 [2015]; *Zutrau v ICE Sys., Inc.,* 128 AD3d at 1060; *Neiss v Fried,* 127 AD3d at 1046).

Here, the record supports the plaintiff's argument that the stock option grant was direct, immediate, and unconditional. Further, there is no language in the stock option grant allowing DTC to cancel the option upon the occurrence of any event, including the plaintiff's disloyalty. The stock option grant required nothing of the plaintiff to earn it or retain it. On the contrary, it specifically provides that its terms "shall not impose any obligation on [the plaintiff's] part to remain in the employ of [DTC] or of any subsidiary corporation or parent corporation thereof." However, the terms of the stock option grant do not end our inquiry.

In its findings of fact, to which we defer (*see Kamalian v Community OB/GYN Assoc., PLLC,* 132 AD3d at 814; *Zutrau v ICE Sys., Inc.,* 128 AD3d at 1060; *Neiss v Fried,* 127 AD3d at 1046; *Tornheim v Blue & White Food Prods. Corp.,* 88 AD3d at 868), the Supreme Court credited the evidence and testimony establishing that both before and after the issuance of the stock option grant, the plaintiff, by his acts and omissions, engaged in conduct that was disloyal to DTC. Consistent with the defenses raised by DTC, the court properly applied the

faithless servant doctrine and determined that, pursuant to that doctrine, the plaintiff forfeited the right to exercise the stock option (*see G.K. Alan Assoc., Inc. v Lazzari*, 44 AD3d 95 [2007], *affd* 10 NY3d 941 [2008]).

Turning to the plaintiff's posttrial motion for recusal, we note that the plaintiff failed to include in his appendix any of the papers supporting this motion, instead reproducing only the order appealed from. Although the appeal from the order could be dismissed on the basis that the plaintiff's omission of those papers inhibits the Court's ability to render an informed decision on the merits of the appeal (*see* CPLR 5528; 22 NYCRR 670.10-b [c] [1]; *Daniels v Donohue*, 137 AD3d at 1072; *Kenan v Levine & Blit, PLLC*, 136 AD3d at 555; *Zutrau v ICE Sys., Inc.*, 128 AD3d at 1059; *Beizer v Swedish*, 125 AD3d at 703; *Mure v Mure*, 92 AD3d at 653), in this case, the respondent's appendix and the original papers are sufficient to permit review of the merits.

Where, as here, no statutory basis for disqualification is asserted in support of a request for a judge's recusal, " 'a trial judge is the sole arbiter of recusal and his or her decision in that regard will not be lightly overturned' " (*Ashmore v Ashmore*, 92 AD3d 817, 820 [2012], quoting *Matter of Khan v Dolly*, 39 AD3d 649, 650 [2007]; *see Matter of Rodriguez v Liegey*, 132 AD3d 880 [2015]; *D'Andraia v Pesce*, 103 AD3d 770, 771 [2013]; *Silber v Silber*, 84 AD3d 931, 932 [2011]). Moreover, "[a] judge has an obligation not to recuse himself or herself, even if sued in connection with his or her duties, unless he or she is satisfied that he or she is unable to serve with complete impartiality, in fact or appearance" (*Silber v Silber*, 84 AD3d at 932). Here, because the plaintiff offered only conclusory assertions unsupported by any evidence and, in fact, explicitly refused to lay bare his proof on the basis that he could "not be expected or required to submit all relevant information respecting these issues in front of a potentially conflicted judge," the Supreme Court properly denied his motion for recusal.

In light of the foregoing, we need not reach the parties' remaining contentions.

Since this is, in part, a declaratory judgment action, the judgment should have included a provision declaring that the stock option grant is invalid and unenforceable (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962]). Rivera, J.P., Roman, Cohen and Miller, JJ., concur. 