■ JONATHAN WEINSTEIN, Appellant, v KLOCKE OF AMERICA, INC., et al., Respondents. [58 NYS3d 102]—

In an action, inter alia, to recover damages for violations of Labor Law §§ 191, 191-c, and 215, the defendants appeal, as limited by their brief, (1) from so much of an order of the Supreme Court, Nassau County (Bucaria, J.), entered May 19, 2015, as, upon granting those branches of the plaintiff's motion which were for leave to reargue his opposition to those branches of the defendants' prior motion which were for summary judgment dismissing the second, third, fourth, and fifth causes of action in the second amended complaint, which had been granted in an order of the same court entered January 13, 2015, in effect, vacated the determination in the order

entered January 13, 2015, granting those branches of the defendants' prior motion, and thereupon denied those branches of the prior motion, and (2) from so much of an order of the same court entered October 15, 2015, as, upon reargument, adhered to the determination in the order entered May 19, 2015, denying that branch of their motion which was for summary judgment dismissing the second cause of action in the second amended complaint, and the plaintiff cross-appeals, as limited by his brief, from so much of the order entered October 15, 2015, as, upon reargument, in effect, vacated so much of the order entered May 19, 2015, denying those branches of the defendants' motion which were for summary judgment dismissing the third, fourth, fifth, and sixth causes of action in the second amended complaint and to strike his demand for a jury trial, and thereupon granted those branches of the defendants' motion.

Ordered that the appeal from the order entered May 19, 2015, is dismissed, without costs or disbursements, as that order was superseded by the order entered October 15, 2015, made upon reargument; and it is further,

Ordered that the order entered October 15, 2015, is modified, on the law, by (1) deleting the provision thereof, upon reargument, in effect, vacating the determination in the order entered May 19, 2015, denying that branch of the defendants' motion which was for summary judgment dismissing the sixth cause of action in the second amended complaint insofar as asserted against the defendant Klocke of America, Inc., and thereupon granting that branch of the defendants' motion, and substituting therefor a provision, upon reargument, adhering to the prior determination denying that branch of the defendants' motion, and (2) deleting the provisions thereof, upon reargument, in effect, vacating so much of the order entered May 19, 2015, as denied those branches of the defendants' motion which were to strike the plaintiff's demand for a jury trial with respect to the first and second causes of action and thereupon granting those branches of the defendants' motion, and substituting therefor provisions, upon reargument, denying those branches of the defendants' motion, and reinstating the plaintiff's demand for a jury trial with respect to the first and second causes of action; as so modified, the order entered October 15, 2015, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The plaintiff worked as a salesperson for the defendant Klocke of America, Inc. (hereinafter KOA), from 1999 until 2011. He was paid a salary, but not commissions, and his duties

included assisting with sales for the defendant Klocke Verpackungs Service, GMBH (hereinafter KVS). In 2004, KOA's president and two of its vice presidents sent a memorandum (hereinafter the 2004 memo) regarding compensation to the plaintiff and KOA's three other salespeople. The 2004 memo provided, inter alia, "if 3% of your sales exceeds your base salary, the higher of the two will be paid." The plaintiff alleges that three percent of his sales exceeded his base salary for the years 2004 through 2008, but that he was never paid commissions for those years.

By summons and complaint dated December 21, 2010, the plaintiff commenced this action against KOA and KVS, alleging that they had violated the Labor Law by failing to pay him his full compensation for the period from March 26, 2010, until April 10, 2010, and by failing to pay him commissions that he was owed pursuant to the 2004 memo for his sales from 2004 to 2008. KOA's president allegedly later told the plaintiff that he would be fired if he did not withdraw the action. Approximately six months after the action was commenced against KOA, the plaintiff's employment was terminated.

Thereafter, by summons and a second amended complaint, the plaintiff asserted six causes of action. The first and second causes of action were asserted against KOA and the third and fourth causes of action were asserted against KVS. The first and fourth causes of action alleged that the defendants had violated Labor Law § 191 by failing to pay him $1,246.15 that he was owed for the pay period of March 26, 2010, through April 10, 2010. The second and third causes of action alleged that the defendants had violated Labor Law §§ 191 and 191-c by failing to pay him commissions that he was owed pursuant to the 2004 memo based on his sales in 2004, 2005, 2006, 2007, and 2008.

In the fifth cause of action, which was asserted only against KVS, the plaintiff alleged that KOA was KVS's wholly owned subsidiary, that KVS paid all or part of his salary, and that the assets of the two companies were commingled. In the sixth cause of action, which was asserted against both KOA and KVS, the plaintiff alleged that the defendants, in violation of Labor Law § 215, retaliated against him for alleging Labor Law violations. The first through fifth causes of action sought damages, and the sixth cause of action sought damages and reinstatement.

The defendants moved for summary judgment dismissing the complaint and striking the plaintiff's demand for a jury trial, and in an order entered January 13, 2015, the Supreme

Court granted the motion. In an order entered May 19, 2015, the court granted the plaintiff's motion for leave to reargue and, upon reargument, denied the defendants' motion.

The defendants then moved for leave to reargue. In an order entered October 15, 2015, the Supreme Court granted the motion and, upon reargument, adhered to the determination in the order entered May 19, 2015, denying those branches of the defendants' motion which were for summary judgment dismissing the first and second causes of action, and in effect, vacated so much of the order entered May 19, 2015, as denied those branches of the defendants' motion which were for summary judgment dismissing the third, fourth, fifth, and sixth causes of action and to strike the plaintiff's demand for a jury trial, and thereupon granted those branches of the defendants' motion.

In support of their motion for summary judgment, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the third, fourth, and fifth causes of action, and the sixth cause of action insofar as asserted against KVS, by demonstrating that KVS was not the plaintiff's employer. Contrary to the plaintiff's contention, the defendants demonstrated, prima facie, that KVS did not completely dominate KOA such that KVS should be held liable under a theory of piercing the corporate veil or alter-ego liability (*see JGK Indus., LLC v Hayes NY Bus., LLC*, 145 AD3d 979, 980 [2016]; *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6, 23-24 [2008]; *Millennium Constr., LLC v Loupolover*, 44 AD3d 1016, 1016-1017 [2007]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court, upon reargument, properly granted those branches of the defendants' motion which were for summary judgment dismissing the third, fourth, and fifth causes of action and the sixth cause of action insofar as asserted against KVS.

As to the second cause of action, the defendants failed to demonstrate, prima facie, that there were no triable issues of fact with respect to whether the 2004 memo, which was sent to the plaintiff and KOA's three other salespeople, applied to the plaintiff and if so, whether he was owed commissions. Nothing in the memo indicated that it applied only to the three other salespeople, and not to the plaintiff. Since KOA did not meet its prima facie burden, the Supreme Court, upon reargument, correctly adhered to the determination in the order entered May 19, 2015, denying that branch of the defendants' motion which was for summary judgment dismissing the second cause of action (*see id.*).

In support of that branch of their motion which was for summary judgment dismissing the sixth cause of action insofar as asserted against KOA, the defendants failed to establish that the plaintiff could not make out a prima facie claim of retaliation or that there were legitimate, nonretaliatory reasons for the challenged actions (*see* Labor Law § 215; *Delrio v City of New York*, 91 AD3d 900, 901 [2012]). Since the defendants did not meet their prima facie burden, the Supreme Court should have adhered to the original determination denying that branch of the defendants' motion which was for summary judgment dismissing the sixth cause of action insofar as asserted against KOA.

As the plaintiff correctly contends, his causes of action for unpaid wages and commissions, for which he sought damages only, arose from transactions separate from his retaliation cause of action, for which he sought both damages and reinstatement (*see* CPLR 4102 [c]). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was to strike the plaintiff's demand for a jury trial on his first and second causes of action (*see Fleischer v Institute for Research in Hypnosis*, 57 AD2d 535, 535 [1977]). However, contrary to the plaintiff's contention, he was not entitled to a jury trial on his sixth cause of action insofar as asserted against KOA, as he sought both legal and equitable relief in that cause of action and damages alone would not have afforded the plaintiff full relief (*see Matter of Weslowski v Day*, 136 AD3d 931, 932 [2016]; *Bockino v Metropolitan Transp. Auth.*, 224 AD2d 471, 472 [1996]). Accordingly, the court properly struck the plaintiff's jury demand with respect to the sixth cause of action insofar as asserted against KOA.

The parties' remaining contentions are without merit. Balkin, J.P., Hall, Hinds-Radix and Connolly, JJ., concur.