Chen v Wen Fang Wang (2019 NY Slip Op 08170)





Chen v Wen Fang Wang


2019 NY Slip Op 08170


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JEFFREY A. COHEN, J.P.
ROBERT J. MILLER
SYLVIA O. HINDS-RADIX
FRANCESCA E. CONNOLLY, JJ.


2017-00409
 (Index No. 18172/11)

[*1]Diana Yan Chen, et al., respondents-appellants,
v
Wen Fang Wang, etc., appellant-respondent, et al., defendants.


Law Offices of Bing Li, LLC, New York, NY, for appellant-respondent.
Addabbo & Greenberg, Forest Hills, NY (Alan T. Rothbard of counsel), for respondents-appellants.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendant Wen Fang Wang appeals, and the plaintiffs cross-appeal, from a judgment of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered December 1, 2016. The judgment, insofar as appealed from, after a nonjury trial, is in favor of the plaintiffs and against the defendant Wen Fang Wang in the principal sum of $200,000 and dismissing that defendant's counterclaim alleging breach of contract. The judgment, insofar as cross-appealed from, is in favor of the defendant Wen Fang Wang and against the plaintiffs dismissing so much of the complaint as sought to recover damages for lost profits, dismissing the cause of action alleging fraudulent misrepresentation, and applying a set-off in the sum of $135,000 against the damages award.
ORDERED that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
" In reviewing a determination made after a nonjury trial, this Court's power is as broad as that of the trial court, and it may render the judgment it finds warranted by the facts, taking into account that in a close case the trial court had the advantage of seeing and hearing the witnesses'" (Quadrozzi v Estate of Quadrozzi, 99 AD3d 688, 691, quoting BRK Props., Inc. v Wagner Ziv Plumbing & Heating Corp., 89 AD3d 883, 884; see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499; Morrone v Costagliola, 151 AD3d 1055, 1055; Neiss v Fried, 127 AD3d 1044, 1046). However, where the court's findings of fact " rest in large measure on considerations relating to the credibility of witnesses,' deference is owed to the trial court's credibility determinations" (Tornheim v Blue & White Food Prods. Corp., 88 AD3d 867, 868 [citation omitted], quoting Anderson v Mastrangelo, 18 AD3d 677, 677; see Trimarco v Data Treasury Corp., 146 AD3d 1004, 1007-1008; Kamalian v Community OB/GYN Assoc., PLLC, 132 AD3d 814, 814; Zutrau v ICE Sys., Inc., 128 AD3d 1058, 1060).
Here, according deference to the Supreme Court's credibility assessments, the court's determination that the parties entered into a valid partnership agreement on June 28, 2011, and that the defendant Wen Fang Wang (hereinafter the defendant) breached the partnership agreement by refusing to accept the plaintiffs' payment and insisting that the plaintiffs sign a more formal [*2]agreement granting them no voting rights was warranted by the facts.
We agree with the Supreme Court that the plaintiffs failed to establish their entitlement to damages for lost profits. "Damages awarded in a breach of contract action should place a plaintiff in the same position as it would have been if the agreement had not been violated" (R & I Elecs. v Neuman, 66 AD2d 836, 837). "Loss of future profits as damages for breach of contract have been permitted in New York under long-established and precise rules of law" (Kenford Co. v County of Erie, 67 NY2d 257, 261, citing Wakeman v Wheeler & Wilson Mfg. Co., 101 NY 205). "A party may not recover damages for lost profits unless they were within the contemplation of the parties at the time the contract was entered into and are capable of measurement with reasonable certainty" (Ashland Mgt. v Janien, 82 NY2d 395, 403). The requirement that damages be reasonably certain does not require absolute certainty (see id. at 403). "Damages resulting from the loss of future profits are often an approximation. The law does not require that they be determined with mathematical precision. It requires only that damages be capable of measurement based upon known reliable factors without undue speculation" (id.; see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of NY, 10 NY3d 187, 193; Inspectronic Corp. v Gottlieb Skanska, Inc., 135 AD3d 707). "It is fundamental to the law of damages that one complaining of injury has the burden of proving the extent of the harm suffered" (G & A Moving & Stor. Co. v Computer Assoc. Intl., 233 AD2d 479, 479-480).
Here, the record supports the Supreme Court's determination that the plaintiffs failed to sustain their burden of demonstrating that lost profits were within the contemplation of the parties at the time that they entered into the agreement and also failed to provide a basis for calculating lost profits with reasonable certainty (see East Hampton Union Free Sch. Dist. v Sandpebble Bldrs., Inc., 168 AD3d 908, 911; Superior Vending Servs., Inc. v Workmen's Circle Home & Infirmary Found. for the Aged, N.Y. State Branches, Inc., 148 AD3d 960, 961; VBH Luxury, Inc. v 940 Madison Assoc., LLC, 100 AD3d 563, 563). Moreover, under the circumstances, the court did not err in granting the defendant's application for a set-off based on a prior payment to the plaintiffs (see Inchaustegui v 666 5th Ave. Ltd. Partnership, 96 NY2d 111, 116).
The plaintiffs' contention that the Supreme Court erred in dismissing the cause of action alleging fraudulent misrepresentation is outside the scope of their limited notice of cross appeal. However, because "there is no indication on this record that [the defendant is] prejudiced" by the omission in the notice of cross appeal, we exercise our discretion to reach beyond the notice of cross appeal and address the merits of the issue (Mesler v PODD LLC, 89 AD3d 1533, 1534 [internal quotation marks omitted]; see McSparron v McSparron, 87 NY2d 275, 282). Nonetheless, the plaintiffs' contention lacks merit. "[A] cause of action sounding in fraud is duplicative of a breach of contract cause of action if it is based on identical circumstances, and does not allege that the misrepresentation resulted in any loss independent of the damages allegedly incurred for breach of contract" (Pugni v Giannini, 163 AD3d 1018, 1020; see Doukas v Ballard, 135 AD3d 896, 897). Here, the cause of action alleging fraudulent misrepresentation is based on identical circumstances as the cause of action alleging breach of contract, and does not allege that the plaintiffs suffered damages independent of the damages allegedly incurred for breach of contract.
COHEN, J.P., MILLER, HINDS-RADIX and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court