Liriano v Asillo (2022 NY Slip Op 04542)

Liriano v Asillo

2022 NY Slip Op 04542

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
WILLIAM G. FORD, JJ.

2019-09682
 (Index No. 613808/17)

[*1]Jose Liriano, respondent, 
v
Felisa Asillo, et al., defendants, Town of North Hempstead, appellant.

Leonard G. Kapsalis, Town Attorney, Manhasset, NY (Samantha Flores of counsel), for appellant.
Isaacson, Schiowitz & Korson, LLP, Rockville Centre, NY (Jeremy Schiowitz of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Town of North Hempstead appeals from an order of the Supreme Court, Nassau County (Denise L. Sher, J.), dated August 7, 2019. The order, insofar as appealed from, denied that defendant's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, the Town of North Hempstead to recover damages for personal injuries he allegedly sustained when he tripped and fell on a raised portion of sidewalk along Arlington Street in the Village of Westbury. The Town moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against it. The Town argued, inter alia, that it did not have prior written notice of the subject defect. In an order dated August 7, 2019, the Supreme Court, among other things, denied the Town's motion. The Town appeals.
As an initial matter, the Town failed to include in its appendix most of the papers the plaintiff submitted in opposition to its motion for summary judgment even though it challenges the Supreme Court's determination that the plaintiff's evidence created a triable issue of fact. While this appeal could be dismissed on the basis that the Town's omission of those papers inhibits this Court's ability to render an informed decision on the merits of the appeal (see CPLR 5528; Beizer v Swedish, 125 AD3d 703, 703), in this case, the original papers are sufficient to permit review of the merits (see Trimarco v Data Treasury Corp., 146 AD3d 1004, 1008).
Turning to the merits, "[w]here, as here, a municipality has enacted a prior written notice law, it may not be subjected to liability for injuries caused by a dangerous condition which comes within the ambit of the law unless it has received prior written notice of the alleged defect or dangerous condition, or an exception to the prior written notice requirement applies" (Hiller v Village of Warwick, 197 AD3d 631, 632; see Amabile v City of Buffalo, 93 NY2d 471, 474). Here, the Town established its prima facie entitlement to judgment as a matter of law by presenting evidence that it did not receive prior written notice of the sidewalk condition that allegedly caused [*2]the plaintiff's injuries (see Groninger v Village of Mamaroneck, 17 NY3d 125, 129). In opposition, however, the plaintiff raised a triable issue of fact as to whether the Town received a complaint on May 6, 2013, about the sidewalk condition that allegedly caused his injuries that was sufficient to satisfy its prior written notice law (see Code of the Town of North Hempstead § 26-1).
Accordingly, the Supreme Court properly denied the Town's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against it.
IANNACCI, J.P., CHAMBERS, ROMAN and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court