JOHN LO GERFO et al., Appellants, *v.* ANGELA LO GERFO, Also Known as ANGELINA LO GERFO, Respondent.

Second Department, June 10, 1968.

*Morris Weissberg* for appellants.

*Lyman Stansky* and *Alan S. Marx* for respondent.

*Per Curiam.* The appeal is from a judgment of the Supreme Court, Queens County, dated February 28, 1968, which, among other things, declared that the appellants were not entitled to an accounting and a distributive share of the property of Vincenzo Lo Gerfo, deceased, or of certain properties of Rosina Lo Gerfo, deceased. The appellants are prosecuting the appeal by the appendix method (CPLR 5528, 5529).

So far as may be determined from the appellants' brief (since the pleadings are not reproduced in their appendix), the appellants, four brothers and sisters of the respondent, brought this action to recover certain properties of their parents which it is claimed were transferred to the respondent without considera-

tion or were unlawfully converted by her. The case was tried before the court without a jury.

The respondent has moved for an order (1) directing the appellants to file an appendix which will comply with the requirements of CPLR 5528 and 5529 and the rules of this court or (2), in the alternative, adjourning the appeal to the September Term, for which term the respondent would file an appendix. After the making of the motion the appeal appeared on the June Term calendar of this court for argument and was then adjourned to the September Term.

The respondent in her motion points out that the pleadings and the appellants' bill of particulars are not contained in the appendix, that the appendix condenses a transcript of the trial testimony, which consists of over 1100 pages, into 150 pages, and that the appellants have so arranged the reproduction of the transcript in the appendix that it is impossible to follow the testimony coherently or with understanding. In addition, the respondent contends that the appendix does not contain those parts of the record on which the appellant should reasonably assume the respondent would rely, as prescribed by CPLR 5528 (subd. [a], par. 5).

After examining the appendix and the appellants' brief, we find that the appendix does not comply with CPLR 5528 and 5529 and rule XV of Part One of the rules of this court. The appellants' brief consists of 11 points, in which, among other things, the appellants claim that the record establishes that the respondent committed acts of fraud and undue influence and abused her confidential relation to her parents in obtaining their properties. The appendix not only does not contain the testimony which relates to these claims, but so presents the excerpts of the testimony reproduced that they are rendered unintelligible. The testimony does not appear in context and is so studded with asterisks that no clear understanding of the testimony can be reached without a continuous reference to the complete transcript.

An appellate court should not be subjected to the task of untangling and mastering the facts from an inadequate and incoherent appendix (cf. *E. P. Reynolds, Inc.* v. *Nager Elec. Co.,* 17 N Y 2d 51, 54). The appellant under the appendix system has the duty of presenting the issues on appeal in a concise and clear manner. When one of the issues relates to the weight of the evidence, as does this appeal, the appellant, if he elects the use of an appendix, must reproduce the evidence which is relevant to the issue. Otherwise, the appendix system, designed to be a convenience both to the court and the parties, becomes an

incumbrance, multiplying the time necessary for the proper consideration and disposition of the appeal.

We are obliged to say that we have noted an increasing tendency on the part of appellants to disregard the requirements prescribed for the use of the appendix method and to submit appendices which are inadequate and incomplete. The abuse of the system is an imposition on the court and cannot be tolerated (cf. CPLR 5528, subd. [e]).

The respondent's motion should be granted to the extent of directing the appellants to submit within 60 days an appendix containing the pleadings, the appellants' bill of particulars, and the testimony relevant to the issues raised in the appellants' brief in compliance with CPLR 5528 and 5529 and the rules of this court.

BRENNAN, Acting P. J., RABIN, HOPKINS, BENJAMIN and MARTUSCELLO, JJ., concur.

Motion granted to the extent of directing appellants to submit within 60 days an appendix containing the pleadings, appellants' bill of particulars, and the testimony relevant to the issues raised in appellants' brief in compliance with CPLR 5528 and 5529 and the rules of this court