■ Brooke Realty-Dupont, Inc., Appellant, v SBC Equipment Leasing Co., Incorporated, Respondent. [669 NYS2d 626] —In an action to recover rent due under a lease, the plaintiff appeals from an order of the Supreme Court, Nassau County (Winick, J.), entered November 25, 1996, which denied its motion for leave to file and serve an amended complaint adding Jerome Silverman as a defendant.

Ordered that the order is reversed, on the law and as an exercise of discretion, with costs, and the plaintiff's motion for leave to file and serve an amended complaint adding Jerome Silverman as a defendant is granted; and it is further,

Ordered that the plaintiff's time to file and serve an amended complaint is extended until 30 days after service upon it of a copy of this decision and order, with notice of entry.

The Supreme Court erred in denying the plaintiff's application for leave to file and serve an amended complaint adding Jerome Silverman as a defendant (*see,* CPLR 1003). The plaintiff has asserted a valid claim for piercing the corporate veil so that Silverman could be held jointly and severally liable for the corporate defendant's rent obligations under the terms of the lease entered into between the plaintiff and the corporate defendant (*see,* CPLR 1002 [b]). The record reveals that Silver-

man, who had negotiated and executed the lease with the plaintiff on behalf of the corporate defendant, exercised complete domination of the corporate defendant. The corporate defendant had no assets, liabilities, or income of its own, and was inadequately capitalized. The plaintiff has shown that Silverman shifted funds into the corporate defendant's account for the sole purpose of meeting its debt obligations on office space and telephone equipment used by Silverman's accounting practice. Furthermore, the plaintiff submitted evidence to support its claim that Silverman used that control to commit the wrong complained of which resulted in the plaintiff's injury (*see, Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135; *Austin Powder Co. v McCullough,* 216 AD2d 825; *Hyland Meat Co. v Tsagarakis,* 202 AD2d 552; *Fern, Inc. v Adjmi,* 197 AD2d 444). Miller, J. P., Ritter, Sullivan and McGinity, JJ., concur.

Santucci, J., dissents and votes to affirm the order appealed from, with the following memorandum: I respectfully dissent and vote to affirm the order of the Supreme Court. In pertinent part the majority concludes: "[t]he plaintiff has asserted a valid claim for piercing the corporate veil so that [Jerome] Silverman could be held jointly and severally liable for the corporate defendant's rent obligation under the terms of the lease entered into between the plaintiff and the corporate defendant (*see,* CPLR 1002 [b]). The record reveals that Silverman * * * exercised complete domination of the corporate defendant". However, assuming arguendo that such "complete domination" has been demonstrated on this record, such factor, in and of itself, is insufficient to justify Silverman's personal liability for the debt sought herein. As stated by the Court of Appeals: "While complete domination of the corporation is the key to piercing the corporate veil * * * such domination, standing alone, is not enough; some showing of a wrongful or unjust act toward plaintiff is required * * * *The party seeking to pierce the corporate veil must establish that the owners, through their domination, abused the privilege of doing business in the corporate form to perpetrate a wrong or injustice against that party such that a court in equity will intervene*" (*Matter of Morris v New York State Dept. of Taxation & Fin.,* 82 NY2d 135, 141-142 [emphasis supplied]; *see also, Gottehrer v Viet-Hoa Co.,* 170 AD2d 648).

Moreover, contrary to the majority's conclusion, there is no evidence that Silverman ever used his control of the corporate entity to perpetrate any fraud or injustice against the plaintiff. Indeed, the fact that the corporation duly paid all rent install-

ments for seven years and eight months (out of a total eight-year lease term) belies the plaintiff's contention that Silverman defrauded the plaintiff by entering into a lease without intending to pay the rent (*cf., CD Music Co. v Bassline, Inc.,* 242 AD2d 654). The fact that a landlord and tenant may dispute the obligation to pay rent is not tantamount to fraud in the inducement, especially when the dispute occurs so late in the lease term. Nor is there anything inherently wrong with the establishment of a corporation for the purpose of avoiding personal liability (*see, Seuter v Lieberman,* 229 AD2d 386).

Accordingly, under the facts of this case, "[the plaintiff] obtained precisely what it bargained for, and it did not bargain for or contemplate the individual liability of [Silverman] which it now seeks to enforce. To pierce the corporate veil here would not * * * accomplish justice or equity but would in fact thwart that end * * * The creation of [a] dummy corporation under these circumstances to [limit] personal responsibility should be respected" (*Brunswick Corp. v Waxman,* 599 F2d 34, 36; *see also, West Side Fed. Sav. & Loan Assn. v Hirschfeld,* 101 AD2d 380).