■ ANNA ROSA C. DIANA, Also Known as ANNA ROSA C. DELISA, Respondent, v GAETANO DELISA, Also Known as THOMAS DELISA, Appellant, and JOHN DELISA, Respondent. GERALD GOLDSTEIN, Nonparty Respondent. [58 NYS3d 54]—

In an action, inter alia, for the partition and sale of two parcels of real property, the defendant Gaetano DeLisa, also known as Thomas DeLisa, appeals from a judgment of the Supreme Court, Nassau County (Peck, J.), entered April 28, 2015, which, upon an order of the same court dated March 19, 2015, granting the Referee's motion to confirm a report dated November 5, 2014, and denying his cross motion to reject the report, inter alia, directed that the net proceeds from the sales of the properties be distributed equally among the respective cotenants.

Ordered that the judgment is affirmed, with costs to the plaintiff.

The plaintiff commenced this action against the defendants, her brothers Gaetano DeLisa, also known as Thomas DeLisa (hereinafter the appellant), and John DeLisa, seeking, inter alia, to partition real property located on Bellmore Avenue in Bellmore (hereinafter the Bellmore property), which the siblings held as tenants in common, and real property located on Hillcrest Lane in Upper Brookville (hereinafter the Upper Brookville property), which she and the appellant held as joint tenants with the right of survivorship. The plaintiff moved,

inter alia, for summary judgment on the causes of action seeking partition. The Supreme Court, inter alia, granted that branch of the plaintiff's motion which was for summary judgment on the causes of action seeking partition, and appointed a Referee, among other things, to ascertain and report on the rights, shares, and interests of the parties to the properties. By interlocutory judgment, the Referee was directed to sell the two properties. In an order dated March 18, 2014, the court directed that upon the closing of the sale of the Bellmore property, the Referee was to ascertain and report as to the distribution of the net proceeds from the sales of the properties pursuant to prior orders of the court.

After holding a hearing on three dates to ascertain the distribution of the net proceeds from the sales of the properties, the Referee moved to confirm his report, in which he found, inter alia, that the appellant had ousted the plaintiff from the Upper Brookville property, that the parties' claims for reimbursement of property expenses were barred by laches, that the proceeds from the sale of the Bellmore property should be divided equally among the three siblings, and that the proceeds from the sale of the Upper Brookville property should be divided equally between the plaintiff and the appellant. The plaintiff supported the Referee's motion to confirm his report, and the appellant cross-moved to reject the report. The Supreme Court granted the Referee's motion and denied the appellant's cross motion. A judgment was entered, inter alia, directing the Referee to distribute the proceeds according to his recommendations.

On appeal, the appellant contends, inter alia, that the Referee exceeded his authority in making legal determinations regarding laches and ouster, that the Referee erred in finding that the appellant's claims for reimbursement were barred by laches and that he had ousted the plaintiff from the Upper Brookville property, and that equity demanded that he be fully reimbursed for payments made by him.

Contrary to the appellant's contention, since the Supreme Court authorized the Referee to ascertain and report as to the distribution of the net proceeds, and since the issues of ouster and laches were relevant to the Referee's report regarding the distribution of the proceeds, the Referee did not exceed his authority in considering such issues (see Alleyne v Grant, 124 AD3d 569, 570 [2015]; Taveras v General Trading Co., Inc., 73 AD3d 659, 659 [2010]).

Although there is no statute of limitations applicable to an action for partition so long as the cotenancy exists (see Rokeach

*v Zaltz*, 112 AD2d 209, 209 [1985]), contrary to the appellant's contention, laches "may be applied in equitable actions where [a party] shows prejudicial delay, regardless of whether the statutory limitations period has expired" (*White v Priester*, 78 AD3d 1169, 1171 [2010]; *see Saratoga County Chamber of Commerce v Pataki*, 100 NY2d 801, 816 [2003]). However, based upon the appendix filed by the appellant, this Court is unable to determine if the Referee correctly found that the appellant's claims for reimbursement were barred by laches (*see Matter of Rose G. [Vincent G.]*, 120 AD3d 683, 684 [2014]; *Kruseck v Ross*, 82 AD3d 939, 940 [2011]; *Gerhardt v New York City Tr. Auth.*, 8 AD3d 427, 427-428 [2004]).

"An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal" (*Gandolfi v Gandolfi*, 66 AD3d 834, 835 [2009] [internal quotation marks omitted]; *see Trimarco v Data Treasury Corp.*, 146 AD3d 1004, 1006 [2017]; *Beizer v Swedish*, 125 AD3d 703, 703 [2015]). "The appendix shall contain those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent" (22 NYCRR 670.10.2 [c] [1]; *see* CPLR 5528 [a] [5]; *Beizer v Swedish*, 125 AD3d at 703; *Deshuk-Flores v Flores*, 116 AD3d 996, 996-997 [2014]), including "material excerpts from transcripts of testimony or from papers in connection with a motion" (22 NYCRR 670.10.2 [c] [1] [v]), and critical exhibits (*see* 22 NYCRR 670.10.2 [c] [1] [vi]). Excerpts from the transcripts "must not be misleading or unintelligible by reason of incompleteness or lack of surrounding context" (22 NYCRR 670.10.2 [c] [1] [v]).

Here, the Referee held a hearing on three dates, but the appellant only included limited hearing transcript pages from two of the dates, and such pages do not indicate who was being questioned or who was questioning the witness. Contrary to the appellant's contention, the transcripts and the exhibits submitted to the Referee were necessary to determine whether the Referee properly found that laches applied to bar his claims for reimbursement. As such, the failure to include the full hearing transcript and the exhibits inhibits this Court's ability to render an informed decision on the merits of the appeal (*see Deshuk-Flores v Flores*, 116 AD3d at 997; *Aguiar-Consolo v City of New York*, 113 AD3d 707, 707-708 [2014]; *Reale v Reale*, 104 AD3d 747, 748 [2013]). "An appellate court should not be subjected to the task of untangling and mastering the facts

from an inadequate and incoherent appendix" (*Lo Gerfo v Lo Gerfo*, 30 AD2d 156, 157 [1968]; *see Singh v Getty Petroleum Corp.*, 275 AD2d 740, 740 [2000]). Accordingly, we do not reach the appellant's contention regarding the failure to award him reimbursement for expenses he paid in connection with the properties.

In light of our determination, the appellant's remaining contention need not be addressed. Mastro, J.P., Leventhal, Austin and Roman, JJ., concur.