Skalska v Grubeki (2022 NY Slip Op 00208)





Skalska v Grubeki


2022 NY Slip Op 00208


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-07639
 (Index No. 10475/13)

[*1]Katarzyna Skalska, respondent,
v
Krzysztof Grubeki, appellant.


Peter C. Lomtevas, Brooklyn, NY, for appellant.
Bamundo Zwal & Schermerhorn LLP, New York, NY (James M. Caffrey of counsel), for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals from a judgment of divorce of the Supreme Court, Queens County (William A. Viscovich, J.), entered May 9, 2019. The judgment of divorce, insofar as appealed from, upon a decision of the same court entered July 9, 2018, made after a nonjury trial, distributed the parties' marital estate, including real and personal property.
ORDERED that the appeal is dismissed, with costs to the plaintiff.
The plaintiff and the defendant married in 1992, and the plaintiff commenced this action for a divorce and ancillary relief in 2013. Following a nonjury trial, the Supreme Court distributed the marital estate. The defendant appeals from the judgment of divorce.
"An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal" (Abouelhassan v Almehdawi, 177 AD3d 831, 831 [internal quotation marks omitted]). "The appendix shall contain those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent, including material excerpts from transcripts of testimony[,] . . . papers in connection with a motion, and critical exhibits" (Diana v DeLisa, 151 AD3d 806, 808 [citations and internal quotation marks omitted]). "This Court is not obligated to determine an issue where the appendix submitted to it is inadequate to permit review" (Trimarco v Data Treasury Corp., 146 AD3d 1004, 1006). "An appellate court should not be subjected to the task of untangling and mastering the facts from an inadequate and incoherent appendix" (Diana v DeLisa, 151 AD3d at 808-809).
Here, the defendant omitted from his appendix, among other things, critical exhibits from the trial (see Abouelhassan v Almehdawi, 177 AD3d at 831; Beizer v Swedish, 125 AD3d 703, 703). These omissions "inhibit the court's ability to render an informed decision on the merits of the appeal" (Beizer v Swedish, 125 AD3d at 703; see Abouelhassan v Almehdawi, 177 AD3d at 831). Accordingly, the appeal must be dismissed.
CONNOLLY, J.P., CHAMBERS, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court