Goldstein v Khurshid (2023 NY Slip Op 02106)

Goldstein v Khurshid

2023 NY Slip Op 02106

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-03222
 (Index No. 755/18)

[*1]Tzvi H. Goldstein, appellant,
v
Muhammad S. Khurshid, respondent.

Tzvi H. Goldstein, New City, NY, appellant pro se.

DECISION & ORDER
In an action, inter alia, to recover damages for fraud, the plaintiff appeals from an order of the Supreme Court, Rockland County (Rolf M. Thorsen, J.), dated June 10, 2021. The order denied the plaintiff's motion, inter alia, for leave to reargue his prior ex parte motion pursuant to CPLR 3215 for leave to enter a default judgment against the defendant, which prior motion had been denied in an order of the same court dated February 26, 2019.
ORDERED that the appeal is dismissed, without costs or disbursements.
In this action, inter alia, to recover damages for fraud, the plaintiff moved ex parte pursuant to CPLR 3215 for leave to enter a default judgment against the defendant. In an order dated February 26, 2019, the Supreme Court denied the plaintiff's motion and, sua sponte, directed dismissal of the complaint. The plaintiff appealed, and this Court dismissed the appeal (see Goldstein v Khurshid, 180 AD3d 876, 876).
Thereafter, the plaintiff moved, among other things, for leave to reargue his prior motion for leave to enter a default judgment against the defendant. In an order dated June 10, 2021 (hereinafter the June 2021 order), the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
Contrary to the plaintiff's contention, the June 2021 order did not, in effect, grant reargument and adhere to the prior determination. Rather, the June 2021 order denied reargument (see CPLR 2221[d]).
Accordingly, the appeal must be dismissed, as no appeal lies from an order denying reargument (see Vaccaro v Francolopez, 205 AD3d 759, 760; HSBC Bank USA, N.A. v Guaman, 172 AD3d 1035, 1035).
DUFFY, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court