Ravasio v La Pata (2023 NY Slip Op 02340)

Ravasio v La Pata

2023 NY Slip Op 02340

Decided on May 3, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 3, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-04044
 (Index No. 604418/16)

[*1]Eugene Ravasio, et al., appellants,
v
John La Pata, et al., respondents.

Kujawski & Kujawski, Deer Park, NY (Mark C. Kujawski of counsel), for appellants.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated May 8, 2020. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the appeal is dismissed, without costs or disbursements.
The plaintiffs commenced this action, inter alia, to recover damages for breach of contract against a public insurance adjuster, and another, on the theory that the adjuster caused the plaintiffs' flood insurance claim to be submitted after the deadline for submitting such a claim, resulting in a disclaimer of coverage. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint or, in the alternative, for summary judgment dismissing the complaint. In an order dated May 8, 2020, the Supreme Court granted that branch of the defendants' motion which was pursuant to CPLR 3211(a) to dismiss the complaint, and the plaintiffs appeal.
"An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal" (U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d 1202, 1204 [internal quotation marks omitted]; see Skalska v Grubeki, 201 AD3d 764, 764-765; Zhao v Na Chan, 157 AD3d 878, 879). An appendix is required to include "those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent" (22 NYCRR 1250.7[d][1]; see CPLR 5528[a][5]; U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d at 1204; Skalska v Grubeki, 201 AD3d at 765; Zhao v Na Chan, 157 AD3d at 879). "This Court is not obligated to determine an issue where the appendix submitted to it is inadequate to permit review" (Trimarco v Data Treasury Corp., 146 AD3d 1004, 1006).
Here, the plaintiffs failed to include in their appendix, among other things, the defendants' moving papers, the plaintiffs' opposition papers, and most of the supporting exhibits submitted by the defendants in connection with the motion which was the subject of the order appealed from (see U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d at 1204; Trimarco v Data Treasury Corp., 146 AD3d at 1006; NYCTL 1998-1 Trust v Shahipour, 29 AD3d 965; Lucadamo v Bridge To Life, Inc., 12 AD3d 422). These omissions "inhibit the court's ability to render an informed decision on the merits of the appeal" (Skalska v Grubeki, 201 AD3d at 765 [internal quotation marks omitted]). Accordingly, since the plaintiffs have failed to provide this Court with [*2]an adequate appendix, we dismiss the appeal.
DUFFY, J.P., CHRISTOPHER, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court