Matter of Prince (2025 NY Slip Op 03069)

Matter of Prince

2025 NY Slip Op 03069

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LOURDES M. VENTURA
PHILLIP HOM, JJ.

2023-08904

[*1]In the Matter of Howard Prince, etc., deceased. Marie Santoro Prince, respondent; David Marc Prince, appellant. (File No. 1565/21)

David Marc Prince, Los Angeles, California, appellant pro se.
Marie Santoro, named herein as Marie Santoro Prince, respondent pro se.

DECISION & ORDER
In a contested probate proceeding, the objectant appeals from an order and decree (one paper) of the Surrogate's Court, Suffolk County (Vincent J. Messina, Jr., S.), dated August 23, 2023. The order and decree granted the petitioner's motion for summary judgment dismissing the objections to probate and admitted the will to probate.
ORDERED that the appeal is dismissed, with costs payable by the objectant personally.
The decedent, Howard Prince, died on March 12, 2021, survived by his spouse, the petitioner, Marie Santoro Prince, and two adult children from a prior marriage, including the objectant, David Marc Prince. On April 13, 2022, the petitioner commenced this proceeding to admit a will dated October 2, 2014 (hereinafter the subject will), to probate. The objectant filed objections to probate on the grounds of, inter alia, lack of due execution, lack of testamentary capacity, and undue influence. Thereafter, the petitioner moved for summary judgment dismissing the objections to probate. The Surrogate's Court granted the petitioner's motion for summary judgment dismissing the objections to probate and admitted the subject will to probate. The objectant appeals.
"'An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal'" (Ravasio v La Pata, 216 AD3d 686, 686, quoting U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d 1202, 1204; see Skalska v Grubeki, 201 AD3d 764, 764-765; Zhao v Na Chan, 157 AD3d 878, 879). "The appendix shall contain those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent, including material excerpts from transcripts of testimony[,] . . . papers in connection with a motion, and critical exhibits" (Diana v DeLisa, 151 AD3d 806, 808 [citations and internal quotation marks omitted]). "This Court is not obligated to determine an issue where the appendix submitted to it is inadequate to permit review" (Trimarco v Data Treasury Corp., 146 AD3d 1004, 1006). "An appellate court should not be subjected to the task of untangling and mastering the facts from an inadequate and incoherent appendix" (Diana v DeLisa, 151 AD3d at 808-809 [internal quotation marks omitted]).
Here, the objectant omitted from the appendix, among other things, the subject will, the petition, the objections to probate, and the petitioner's papers in connection with the motion that was the subject of the order and decree appealed from (see Ravasio v La Pata, 216 AD3d at 687; U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d at 1204). These omissions "inhibit the court's ability to render an informed decision on the merits of the appeal" (Ravasio v La Pata, 216 AD3d at 687 [internal quotation marks omitted]). Accordingly, as the objectant has failed to provide this Court with an adequate appendix, we dismiss the appeal.
CONNOLLY, J.P., MILLER, VENTURA and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court