Gounder v Melrose Credit Union (2025 NY Slip Op 04767)

Gounder v Melrose Credit Union

2025 NY Slip Op 04767

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2023-02395
 (Index No. 14406/16)

[*1]Veeramuthu P. Gounder, et al., appellants,
v
Melrose Credit Union, et al., respondents.

Veeramuthu P. Gounder and Shanthi V. Gounder, Queens Village, NY, appellants pro se.
Arkin Solbakken LLP, New York, NY (Robert C. Angelillo of counsel), for respondent Communicar, Inc.

DECISION & ORDER
In an action to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Marguerite A. Grays, J.), entered September 8, 2022. The order denied those branches of the plaintiffs' motion which were, in effect, for leave to reargue their prior motion, in effect, pursuant to CPLR 5015(a) to vacate an order of the same court entered March 5, 2020, which had been denied in an order of the same court entered April 4, 2022, and for recusal of the Justice presiding.
ORDERED that the appeal from so much of the order as denied that branch of the plaintiffs' motion which was, in effect, for leave to reargue their prior motion, in effect, pursuant to CPLR 5015(a) to vacate the order entered March 5, 2020, is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the order is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Communicar, Inc.
The facts of this case are more fully set forth in this Court's decision and order on a related appeal (see Gounder v Melrose Credit Union, _____ AD3d _____ [Appellate Division Docket Nos. 2022-04509, 2022-04510, 2022-04511; decided herewith]). In an order entered March 5, 2020 (hereinafter the March 2020 order), upon a decision dated December 5, 2019, the Supreme Court granted the unopposed motion of the defendant Communicar, Inc., for summary judgment dismissing the complaint insofar as asserted against it (see id.). In an order entered April 4, 2022, the court, inter alia, denied the plaintiffs' motion, in effect, pursuant to CPLR 5015(a) to vacate the March 2020 order (see id.).
Thereafter, the plaintiffs moved, among other things, in effect, for leave to reargue their prior motion, in effect, pursuant to CPLR 5015(a) to vacate the March 2020 order and for recusal of the Justice presiding. In an order entered September 8, 2022, the Supreme Court denied the motion. The plaintiffs appeal.
The appeal from so much of the order as denied the plaintiffs' motion, in effect, for leave to reargue their prior motion, in effect, pursuant to CPLR 5015(a) to vacate the March 2020 order must be dismissed, as no appeal lies from an order denying reargument (see Goldstein v Khurshid, 215 AD3d 926, 927).
"Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of the need for recusal, and its decision is a matter of discretion and personal conscience" (Matter of O'Donnell v Goldenberg, 68 AD3d 1000, 1000; see People v Moreno, 70 NY2d 403, 405-406; Hayes v Barroga-Hayes, 117 AD3d 794, 794; Vigo v 501 Second St. Holding Corp., 100 AD3d 870, 870; Matter of Imre v Johnson, 54 AD3d 427, 427-428). Here, the plaintiffs failed to set forth any proof of bias or prejudice (see Prince v Prince, 134 AD3d 1008, 1008; Vigo v 501 Second St. Holding Corp., 100 AD3d at 870). Accordingly, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for recusal of the Justice presiding.
The parties' remaining contentions are without merit.
CONNOLLY, J.P., BRATHWAITE NELSON, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court