Almazon v Town of Oyster Bay (2025 NY Slip Op 04856)

Almazon v Town of Oyster Bay

2025 NY Slip Op 04856

Decided on September 10, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 10, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2024-05013
 (Index No. 615587/23)

[*1]Doina Almazon, appellant, 
v
Town of Oyster Bay, et al., respondents.

Hegge & Confusione, LLC, New York, NY (Michael Confusione of counsel), for appellant.
Bee Ready Fishbein Hatter & Donovan, LLP, Mineola, NY (Kevin W. Simmons and Andrew K. Preston of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for negligent infliction of emotional distress, the plaintiff appeals from an order of the Supreme Court, Nassau County (Erica L. Prager, J.), entered March 5, 2024. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the appeal is dismissed, without costs or disbursements.
In September 2023, the plaintiff commenced this action, inter alia, to recover damages for negligent infliction of emotional distress in connection with the defendants' demolition of a house located in Hicksville. The house was demolished in June 2022 pursuant to an order of the Supreme Court entered January 7, 2022. The complaint alleged, in sum, that the order entered January 7, 2022, was issued based on false evidence that the house was dangerous.
The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order entered March 5, 2024, the Supreme Court granted the defendants' motion. The plaintiff appeals.
"'An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal'" (Ravasio v La Pata, 216 AD3d 686, 686, quoting U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d 1202, 1204). An appendix is required to include "those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent" (22 NYCRR 1250.7[d][1]; see CPLR 5528[a][5]; McWhinney v Rockland Cider Works, LLC, 233 AD3d 668, 669; U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d at 1204). "'This Court is not obligated to determine an issue where the appendix submitted to it is inadequate to permit review'" (Ravasio v La Pata, 216 AD3d at 687, quoting Trimarco v Data Treasury Corp., 146 AD3d 1004, 1006).
Here, the appendix filed by the plaintiff failed to include, among other things, most of the supporting exhibits submitted by the defendants in connection with the motion that is the [*2]subject of the order appealed from. Since these omissions "'inhibit [this] [C]ourt's ability to render an informed decision on the merits of the appeal,'" dismissal of the appeal is appropriate (id., quoting Skalska v Grubeki, 201 AD3d 764, 765; see McWhinney v Rockland Cider Works, LLC, 233 AD3d at 669).
BRATHWAITE NELSON, J.P., DOWLING, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court