Baran v Mechel (2025 NY Slip Op 05491)

Baran v Mechel

2025 NY Slip Op 05491

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
JANICE A. TAYLOR
PHILLIP HOM, JJ.

2021-01684
2021-08159
 (Index No. 701547/12)

[*1]Edward Baran, etc., respondent,
v
Stainslaw Mechel, etc., appellant.

Felipe Orner, Flushing, NY, for appellant.
Kushnick Pallaci PLLC, Bohemia, NY (Jeffrey A. Lhuillier of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for the judicial dissolution of a corporation, the defendant appeals from (1) an order of the Supreme Court, Queens County (Chereé A. Buggs), entered February 9, 2021, and (2) an order of the same court entered November 4, 2021. The order entered February 9, 2021, insofar as appealed from, denied the defendant's motion (1) pursuant to Judiciary Law § 753 to hold the plaintiff in civil contempt for failing to comply with certain terms of an order of the same court entered May 15, 2020, (2) pursuant to CPLR 6201 for an order of attachment, (3) to impose costs and sanctions against the plaintiff and his attorney pursuant to 22 NYCRR 130-1.1, and (4) to join Grand Stairs Corp. as a party in the action. The order entered November 4, 2021, denied the defendant's motion, in effect, for leave to renew and/or reargue that branch of his prior motion which was for leave to renew, which had been, in effect, denied in an order of the same court entered July 6, 2021, and to impose sanctions and costs.
ORDERED that the order entered February 9, 2021, is affirmed insofar as appealed from; and it is further,
ORDERED that the appeal from the order entered November 4, 2021, is dismissed; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
In 2012, the plaintiff commenced this action against the defendant, a 50% shareholder of the parties' corporation, New York Builders of Stairs, Inc. (hereinafter the corporation), inter alia, for judicial dissolution of the corporation. The defendant interposed an answer in which he asserted various counterclaims. On November 30, 2016, the parties entered into a settlement agreement, which, among other things, required the plaintiff to submit the names of three appraisers of business valuations and equipment valuations for the defendant to select, and provided the plaintiff the first option to pay the full appraised value determined by said appraiser and then the defendant would transfer his shares in the corporation to the plaintiff. The settlement agreement further provided that should the plaintiff refuse to exercise his option to buy out the defendant, the defendant would have a similar option to buy out the plaintiff, and if neither party bought out the other, the parties would [*2]consent to the immediate appointment of a receiver to liquidate and sell all assets of the corporation.
In an order entered May 15, 2020, the Supreme Court, inter alia, deemed the plaintiff to have forfeited his option to buy out the defendant and directed that appraisals be conducted at the plaintiff's expense in accordance with the terms of the settlement agreement (hereinafter the May 2020 order). The May 2020 order set forth specific time frames for the selection of appraisers and for the valuation of the corporation's assets and equipment.
In September 2020, the defendant moved (1) pursuant to Judiciary Law § 753 to hold the plaintiff in civil contempt for failing to comply with the terms of the May 2020 order, (2) pursuant to CPLR 6201 for an order of attachment of all equipment, office supplies, and inventory located at Grand Stairs Corp. (hereinafter Grand Stairs) in Queens, (3) to impose costs and sanctions against the plaintiff and his attorney pursuant to 22 NYCRR 130-1.1, and (4) to join Grand Stairs as a party in the action (hereinafter the September 2020 motion). The plaintiff cross-moved to modify and/or clarify the May 2020 order. In an order entered February 9, 2021, the Supreme Court denied the September 2020 motion and granted the plaintiff's cross-motion to the extent of providing clarification of the May 2020 order (hereinafter the February 2021 order).
In March 2021, the defendant moved for leave to renew and/or reargue the September 2020 motion. In an order entered July 6, 2021, the Supreme Court, inter alia, in effect, denied leave to renew. The defendant then moved, in effect, for leave to renew and/or reargue that branch of his prior motion which was for leave to renew the September 2020 motion and to impose costs and sanctions. In an order entered November 4, 2021, the court denied that motion (hereinafter the November 2021 order). The defendant appeals from so much of the February 2021 order as denied the September 2020 motion and from the November 2021 order.
"A motion to punish a party for civil contempt is addressed to the sound discretion of the motion court" (Matter of Marotta v Marotta, 218 AD3d 468, 469; see Perrone v Perrone, 229 AD3d 816, 817). "To prevail on a motion to hold a party in civil contempt pursuant to Judiciary Law § 753(A)(3), the movant is required to prove by clear and convincing evidence that a lawful order of the court, clearly expressing an unequivocal mandate, was in effect, that the order was disobeyed and the party disobeying the order had knowledge of its terms, and that the movant was prejudiced by the offending conduct" (Perrone v Perrone, 229 AD3d at 817; see El-Dehdan v El-Dehdan, 26 NY3d 19, 29).
Here, the Supreme Court providently exercised its discretion in denying that branch of the September 2020 motion which was to hold the plaintiff in civil contempt for failing to comply with the terms of the May 2020 order. The defendant failed to establish that the plaintiff violated a clear and unequivocal mandate contained in the May 2020 order since it did not specify a valuation date for the appraisal and the plaintiff sought clarification as to that issue (see Perrone v Perrone, 229 AD3d at 817; Gerelli Ins. Agency, Inc. v Gerelli, 23 AD3d 341, 342).
The Supreme Court also properly denied that branch of the September 2020 motion which was to add Grand Stairs as a party since the defendant did not "assert any right to relief" against Grand Stairs (CPLR 1002[b]; see Brooke Realty-Dupont v SBC Equip. Leasing Co., 248 AD2d 347, 347).
An order of attachment may be granted where "the defendant, with intent to defraud his [or her] creditors or frustrate the enforcement of a judgment that might be rendered in plaintiff's favor, has assigned, disposed of, encumbered or secreted property, or removed it from the state or is about to do any of these acts" (CPLR 6201[3]; see Deutsch v Grunwald, 165 AD3d 1035, 1037-1038). On a motion for an order of attachment, "the plaintiff shall show, by affidavit and such other written evidence as may be submitted, that there is a cause of action, that it is probable that the plaintiff will succeed on the merits, that one or more grounds for attachment provided in section 6201 exist, and that the amount demanded from the defendant exceeds all counterclaims known to the plaintiff" (CPLR 6212[a]). "[T]he mere removal or assignment or other disposition of property is not grounds for attachment" (Computer Strategies v Commodore Bus. Machs., 105 AD2d 167, [*3]173; see Deutsch v Grunwald, 165 AD3d at 1038).
Here, the defendant failed to present any evidence to establish that the plaintiff, with intent to defraud creditors or to frustrate the enforcement of a judgment that might be rendered in the defendant's favor, had assigned, disposed, encumbered, or secreted the corporation's assets or that he was about to do any of those acts (see CPLR 6201[3]; 651 Bay St., LLC v Discenza, 189 AD3d 952, 953; Deutsch v Grunwald, 165 AD3d at 1038). Accordingly, the Supreme Court properly denied that branch of the September 2020 motion which was pursuant to CPLR 6201 for an order of attachment.
No appeal lies from an order denying reargument (see Goldstein v Khurshid, 215 AD3d 926, 927). Accordingly, the appeal from so much of the November 2021 order as denied that branch of the defendant's motion which was, in effect, for leave to reargue must be dismissed.
"An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal" (Ravasio v La Pata, 216 AD3d 686, 686 [internal quotation marks omitted]; see U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d 1202, 1204). An appendix is required to include "those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent" (22 NYCRR 1250.7[d][1]; see CPLR 5528[a][5]; Ravasio v La Pata, 216 AD3d at 687). "This Court is not obligated to determine an issue where the appendix submitted to it is inadequate to permit review" (Ravasio v La Pata, 216 AD3d at 687 [internal quotation marks omitted]; see Trimarco v Data Treasury Corp., 146 AD3d 1004, 1006).
Here, the defendant failed to include in his appendix, among other things, his prior motion for leave to reargue and/or renew and the papers submitted in support of and opposition to that motion, as well as other exhibits submitted by the defendant in support of the motion which was the subject of the November 2021 order (see Ravasio v La Pata, 216 AD3d at 687; U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d at 1204). These omissions "inhibit the court's ability to render an informed decision on the merits of the appeal" (Ravasio v La Pata, 216 AD3d at 687 [internal quotation marks omitted]; see Skalska v Grubeki, 201 AD3d 764, 765). Accordingly, since the defendant has failed to provide the Court with an adequate appendix, we dismiss the appeal from so much of the November 2021 order as denied those branches of the defendant's motion which were, in effect, for leave to renew and to impose sanctions and costs.
The defendant's remaining contentions are either improperly raised for the first time on appeal or without merit.
DUFFY, J.P., WOOTEN, TAYLOR and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court