Wyckoff Hgts. Med. Ctr. v Olivier (2025 NY Slip Op 06755)

Wyckoff Hgts. Med. Ctr. v Olivier

2025 NY Slip Op 06755

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
WILLIAM G. FORD
LILLIAN WAN
JAMES P. MCCORMACK, JJ.

2022-06875
 (Index No. 526152/18)

[*1]Wyckoff Heights Medical Center, appellant,
v
Wendy-Ann Michelle Olivier, respondent, et al., defendant.

Siri & Glimstad LLP, New York, NY (Mason A. Barney and Sonal Jain of counsel), for appellant.
D. Reeves Carter, Brooklyn, NY, for respondent.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the plaintiff appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated June 23, 2022. The order (1) denied the plaintiff's motion for leave to reargue its opposition to that branch of the prior motion of the defendant Wendy-Ann Michelle Olivier which was for summary judgment, in effect, declaring that the plaintiff is not entitled to receive certain funds on the ground that distribution of the funds to the defendant Wendy-Ann Michelle Olivier would constitute a breach of contract, which had been, upon reargument, granted in an order of the same court dated January 18, 2022, and (2) granted the motion of the defendant Wendy-Ann Michelle Olivier for leave to reargue that branch of her prior motion which was to direct the defendant MLMIC Insurance Company to release the funds to her, which had been, in effect, denied in an undated order of the same court, which determination had been, upon reargument, adhered to in the order dated January 18, 2022, and, upon reargument, in effect, vacated so much of the undated order as, in effect, denied that branch of her prior motion and so much of the order dated January 18, 2022, as adhered to that determination, and thereupon granted that branch of her prior motion.
ORDERED that the appeal from so much of the order dated June 23, 2022, as denied the plaintiff's motion for leave to reargue is dismissed, as no appeal lies from an order denying reargument (see Goldstein v Khurshid, 215 AD3d 926, 927); and it is further,
ORDERED that the order dated June 23, 2022, is affirmed insofar as reviewed; and it is further,
ORDERED that one bill of costs is awarded to the defendant Wendy-Ann Michelle Olivier.
The plaintiff is a medical practice in Brooklyn that employed the defendant Wendy-Ann Michelle Olivier as a physician pursuant to an employment agreement dated June 8, 2016. Pursuant to the employment agreement, the plaintiff procured, and paid the premiums for, a professional liability insurance policy for Olivier from the defendant MLMIC Insurance Company (hereinafter MLMIC). Olivier was named as the insured of the policy, and the plaintiff was named [*2]as the policy administrator.
MLMIC subsequently converted from a mutual insurance company to a stock insurance company. MLMIC's state-approved conversion plan provided that eligible MLMIC policyholders, or their designees, would receive cash consideration in exchange for the extinguishment of the policyholder's membership interest (see generally Insurance Law § 7307[e][3]).
The plaintiff commenced this action, inter alia, for a judgment declaring that it is entitled to receive Olivier's share of the cash consideration due under the conversion plan on the grounds that distribution of the cash consideration to her would constitute a breach of her employment agreement and unjust enrichment. Olivier moved, among other things, for summary judgment, in effect, declaring that the plaintiff is not entitled to receive Olivier's share of the cash consideration on the ground that distribution of the cash consideration to her would constitute a breach of her employment agreement and to direct MLMIC to release the cash consideration to her. In an undated order, the Supreme Court, inter alia, in effect, denied those branches of Olivier's motion.
Thereafter, Olivier moved for leave to reargue those branches of her prior motion which were for summary judgment, in effect, declaring that the plaintiff is not entitled to receive Olivier's share of the cash consideration on the ground that distribution of the cash consideration to her would constitute a breach of her employment agreement and to direct MLMIC to release the cash consideration to her. In an order dated January 18, 2022, the Supreme Court granted Olivier leave to reargue and, upon reargument, granted that branch of Olivier's prior motion which was for summary judgment, in effect, declaring that the plaintiff is not entitled to receive Olivier's share of the cash consideration on the ground that distribution of the cash consideration to her would constitute a breach of her employment agreement and adhered to the determination denying that branch of Olivier's prior motion which was to direct MLMIC to release the cash consideration to her. On a related appeal, this Court has affirmed so much of the order dated January 18, 2022, as, upon reargument, granted that branch of Olivier's prior motion which was for summary judgment, in effect, declaring that the plaintiff is not entitled to receive Olivier's share of the cash consideration on the ground that distribution of the cash consideration to her would constitute a breach of her employment agreement (see Wyckoff Hgts. Med. Ctr. v Olivier, ___ AD3d ___ [Appellate Division Docket No. 2022-02221; decided herewith]).
The plaintiff moved for leave to reargue its opposition to that branch of Olivier's prior motion which was for summary judgment, in effect, declaring that the plaintiff is not entitled to receive Olivier's share of the cash consideration on the ground that distribution of the cash consideration to her would constitute a breach of her employment agreement. Olivier moved for leave to reargue that branch of her prior motion which was to direct MLMIC to release the cash consideration to her, contending that the Supreme Court erred in concluding that she had not demonstrated her entitlement to the cash consideration. In an order dated June 23, 2022, the court denied the plaintiff's motion for leave to reargue, granted Olivier's motion for leave to reargue, and, upon reargument, granted that branch of Olivier's prior motion which was to direct MLMIC to release the cash consideration to her. The plaintiff appeals.
The Supreme Court properly granted Olivier leave to reargue and, upon reargument, properly granted that branch of Olivier's prior motion which was to direct MLMIC to release the cash consideration to her. "[W]hen an employer pays premiums to a mutual insurance company to obtain a policy of which its employee is the policyholder, and the insurance company demutualizes, absent contrary terms in the contract of employment, insurance policy, or separate agreement, the policyholder is entitled to the proceeds from the demutualization" (Columbia Mem. Hosp. v Hinds, 38 NY3d 253, 276-277; see Maple Med., LLP v Scott, 191 AD3d 81, 93, affd sub nom. Columbia Mem. Hosp. v Hinds, 38 NY3d 253). Here, the conversion plan expressly defined policyholder as the person identified on the declarations page of the policy as the insured, which, here, was Olivier. Since Olivier was the policyholder and did not assign her rights to the cash consideration to the plaintiff, she was entitled to those funds (see Columbia Mem. Hosp. v Hinds, 38 NY3d at 276-277; [*3]Wyckoff Imaging Servs., P.C. v Blutreich, 228 AD3d 990, 991; Benoit v Jamaica Anesthesiologist, P.C., 207 AD3d 429, 430).
The parties' remaining contentions are without merit.
GENOVESI, J.P., FORD, WAN and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court