U.S. Bank N.A. v Morton (2026 NY Slip Op 00168)

U.S. Bank N.A. v Morton

2026 NY Slip Op 00168

Decided on January 14, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 14, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2024-00317
 (Index No. 67501/16)

[*1]U.S. Bank National Association, etc., respondent,
vAllen J. Morton, etc., et al., defendants, Patsy J. Morton, etc., appellant.

Patsy J. Morton, Mount Kisco, NY, appellant pro se.
Hinshaw & Culbertson LLP, New York, NY (Charles W. Miller III and Leah R. Lenz of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Patsy J. Morton appeals from an order of the Supreme Court, Westchester County (Alexandra D. Murphy, J.), dated November 20, 2023. The order, insofar as appealed from, granted the plaintiff's motion pursuant to RPAPL 1354 to confirm the amounts due from the proceeds of the sale of the subject property and denied the cross-motion of the defendant Patsy J. Morton pursuant to CPLR 203(d) to assert a defense based on equitable recoupment, pursuant to RPAPL 1321 to ascertain amounts due, and for a finding of usurious interest on the subject loan.
ORDERED that the appeal is dismissed, with costs.
"'An appellant who perfects an appeal by using the appendix method must file an appendix that contains all the relevant portions of the record in order to enable the court to render an informed decision on the merits of the appeal'" (Ravasio v La Pata, 216 AD3d 686, 686, quoting U.S. Bank Trust, N.A. v Green-Stevenson, 208 AD3d 1202, 1204). An appendix is required to include "those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent" (22 NYCRR 1250.7[d][1]; see CPLR 5528[a][5]; Ravasio v La Pata, 216 AD3d at 686). "This Court is not obligated to determine an issue where the appendix submitted to it is inadequate to permit review" (Trimarco v Data Treasury Corp., 146 AD3d 1004, 1006).
Here, the appendix does not include, among other things, the plaintiff's motion papers and supporting exhibits. These omissions "'inhibit the court's ability to render an informed decision on the merits of the appeal'" (Ravasio v La Pata, 216 AD3d at 687, quoting Skalska v Grubeki, 201 AD3d 764, 765). Accordingly, the appeal must be dismissed.
CONNOLLY, J.P., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court