U.S. Bank N.A. v Suffolk County Pub. Admr. (2026 NY Slip Op 00282)

U.S. Bank N.A. v Suffolk County Pub. Admr.

2026 NY Slip Op 00282

Decided on January 21, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 21, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
DONNA-MARIE E. GOLIA, JJ.

2024-13499
 (Index No. 50356/09)

[*1]U.S. Bank National Association, etc., respondent,
vSuffolk County Public Administrator, etc., et al., defendants; 260LA, LLC, etc., nonparty-appellant.

Christopher Thompson (McKinley Law, P.C., Lloyd Harbor, NY [Shannon C. McKinley], of counsel), for nonparty-appellant.
Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, nonparty 260LA, LLC, appeals from an order of the Supreme Court, Suffolk County (S. Betsy Heckman Torres, J.), dated December 10, 2024. The order denied that nonparty's motion pursuant to CPLR 5015(a) to vacate, inter alia, an order and judgment of foreclosure and sale (one paper) of the same court entered April 5, 2024, and, upon vacatur, to dismiss the complaint or, in the alternative, for leave to file a late answer.
ORDERED that the appeal is dismissed, with costs.
"'CPLR 5526 requires that a record on appeal contain the papers and exhibits upon which the order appealed from was founded. It is the obligation of the appellant to assemble a proper record on appeal'" (McWhinney v Rockland Cider Works, LLC, 233 AD3d 668, 669, quoting Bruzzese v Bruzzese, 203 AD3d 1007, 1010; see Klein v Richs Towing, 213 AD3d 920, 920-921). "'Generally speaking, [a]n appellant's record on appeal must contain all of the relevant papers before the Supreme Court'" (McWhinney v Rockland Cider Works, LLC, 233 AD3d at 669, quoting Babayev v Kreitzman, 168 AD3d 655, 655; see CPLR 5526).
Here, the record is inadequate, as it does not include, inter alia, a copy of the order of reference, the order and judgment of foreclosure and sale, or the affidavit of service of the subject motion, upon all of which the appellant relies on this appeal. Since these omissions "'inhibit [this] [C]ourt's ability to render an informed decision on the merits of the appeal,'" dismissal of the appeal is appropriate (McWhinney v Rockland Cider Works, LLC, 233 AD3d at 669, quoting Ravasio v La Pata, 216 AD3d 686, 687; see Klein v Richs Towing, 213 AD3d at 921).
DILLON, J.P., WOOTEN, WARHIT and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court