Kelly-Newhouse v Chase Meadows Farm, LLC

2026 NY Slip Op 02108

April 8, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Stephanie Kelly-Newhouse, et al., appellants,

v

Chase Meadows Farm, LLC, et al., respondents.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 8, 2026

2021-05041, 2021-07217, 2021-08075, (Index No. 63436/19)

Valerie Brathwaite Nelson, J.P.

William G. Ford

Deborah A. Dowling

Elena Goldberg Velazquez, JJ.

Napoli Shkolnik, PLLC, New York, NY (Joseph P. Napoli of counsel), for appellants.

The Di Pippo Law Group, PLLC, Garden City, NY (Eric D. Mercurio of counsel), for respondent Chase Meadows Farm, LLC.

Kornfeld, Rew, Newman & Simeone, Suffern, NY (William S. Badura of counsel), for respondent Rhiannon, LLC.

McVean, Lewis, Sherwin & McDermott, P.C., Middletown, NY (Jeffrey D. Sherwin and Nicholas J. Berwick of counsel), for respondent Peter Martini & Associates, LLC.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated July 8, 2021, (2) an order of the same court (Charles D. Wood, J.) dated September 28, 2021, and (3) an order of the same court (Joan B. Lefkowitz, J.) dated October 12, 2021. The order dated September 28, 2021, insofar as appealed from, granted the motion of the defendant Peter Martini & Associates, LLC, for summary judgment dismissing the complaint insofar as asserted against it and those branches of the separate motions of the defendants Chase Meadows Farm, LLC, and Rhiannon, LLC, which were for summary judgment dismissing the complaint insofar as asserted against each of them.

ORDERED that the appeals from the orders dated July 8, 2021, and October 12, 2021, are dismissed as abandoned; and it is further,

ORDERED that the appeal from the order dated September 28, 2021, is dismissed; and it is further,

ORDERED that one bill of costs is awarded to the defendants.

The appeals from the orders dated July 8, 2021, and October 12, 2021, must be dismissed as abandoned, as the plaintiffs do not request modification or reversal of any portion of those orders in their brief (see Matter of Dahan, 231 AD3d 945, 947).

The plaintiff Stephanie Kelly-Newhouse (hereinafter the injured plaintiff) allegedly was injured while riding her horse on property owned by the defendant Chase Meadows Farm, LLC (hereinafter Chase Meadows), and leased by the defendant Rhiannon, LLC (hereinafter Rhiannon). The injured plaintiff, and her husband suing derivatively, commenced this action against Chase Meadows, Rhiannon, and the defendant Peter Martini & Associates, LLC (hereinafter Martini).

Martini moved for summary judgment dismissing the complaint insofar as asserted against it. Chase Meadows and Rhiannon separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated September 28, 2021, the Supreme Court, among other things, granted Martini's motion and those branches of the separate motions of Chase Meadows and Rhiannon. The plaintiffs appeal.

"[A]n appellant who perfects an appeal by using the appendix method must file an appendix that contains all relevant portions of the record to enable the court to render an informed decision on the merits of the appeal" (Trimarco v Data Treasury Corp., 146 AD3d 1004, 1006; see Matter of Prince, 238 AD3d 1046, 1046; Ravasio v La Pata, 216 AD3d 686, 686). "'The appendix shall contain those portions of the record necessary to permit the court to fully consider the issues which will be raised by the appellant and the respondent, including material excerpts from transcripts of testimony[,] . . . papers in connection with a motion, and critical exhibits'" (Matter of Prince, 238 AD3d at 1047, quoting Diana v DeLisa, 151 AD3d 806, 808 [citations and internal quotation marks omitted]; see 22 NYCRR 1250.7[d][1][i-vi]). Further, "[e]xcerpts from the transcripts 'must not be misleading or unintelligible by reason of incompleteness or lack of surrounding context'" (Diana v DeLisa, 151 AD3d at 808, quoting 22 NYCRR former 670.10.2[c][1][v]). "'An appellate court should not be subjected to the task of untangling and mastering the facts from an inadequate and incoherent appendix'" (Diana v DeLisa, 151 AD3d at 808-809, quoting Lo Gerfo v Lo Gerfo, 30 AD2d 156, 157; see Matter of Prince, 283 AD3d at 1047).

Here, the plaintiffs omitted from the appendix, among other things, material excerpts from transcripts of deposition testimony and each of the defendants' papers in connection with the separate motions which were the subject of the order appealed from (see Matter of Prince, 238 AD3d at 1047; Ravasio v La Pata, 216 AD3d at 687; Trimarco v Data Treasury Corp., 146 AD3d at 1006). "These omissions inhibit the court's ability to render an informed decision on the merits of the appeal" (Skalska v Grubeki, 201 AD3d 764, 765 [internal quotations marks omitted]). Accordingly, as the plaintiffs have failed to provide this Court with an adequate appendix, we dismiss the appeal from the order dated September 28, 2021.

BRATHWAITE NELSON, J.P., FORD, DOWLING and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court